1 | David S. Kupetz (CA Bar No. 125062)
    *dkupetz@sulmeyerlaw.com*
2 | Asa S. Hami (CA Bar No. 210728)
    *ahami@sulmeyerlaw.com*
3 | Steven F. Werth (CA Bar No. 205434)
    *swerth@sulmeyerlaw.com*
4 | **Sulmeyer**Kupetz
A Professional Corporation
5 | 333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California  90071-1406
6 | Telephone: 213.626.2311

7 | Attorneys for Debtor and Debtor in Possession
Shiekh Shoes, LLC



**FILED & ENTERED**

**DEC 01 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** johnson **DEPUTY CLERK**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

In re

SHIEKH SHOES, LLC,
a California limited liability company,

             Debtor.

Case No.: 2:17-bk-24626-VZ

Chapter 11

**INTERIM ORDER ON EMERGENCY MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO: (1) PAY PREPETITION CLAIM OF NIKE USA, INC., AS CRITICAL VENDOR; (2) INCUR POSTPETITION INDEBTEDNESS ON SUPERPRIORITY BASIS; AND (3) ENTER AND PERFORM UNDER AGREEMENT WITH NIKE USA, INC.**

[Relates to Dkt. No. 12]

Date:   November 30, 2017
Time:   2:15 p.m.
Place:   Courtroom 1368
           255 East Temple Street
           Los Angeles, CA  90012

2612969

The "Emergency Motion of Debtor And Debtor in Possession For Interim And Final Orders Authorizing Debtor to: (1) Pay Prepetition Claim of Nike USA, Inc., as Critical Vendor; (2) Incur Postpetition Indebtedness on Superpriority Basis; And (3) Enter And Perform Under Agreement With Nike USA, Inc." (the "Motion"), filed by Shiekh Shoes, LLC, a California limited liability company, debtor and debtor in possession in the above-captioned case (the "Debtor"), came on for hearing on an emergency basis on November 30, 2017, at 2:15 p.m., before the Honorable Vincent P. Zurzolo, United States Bankruptcy Judge, in courtroom 1368 of the above-entitled Court. Appearances were as noted on the record of the hearing.

This Court having considered the Motion, the agreement made by and among the Debtor, Shiekh S. Ellahi, Brenda L. Hastings, and Nike USA, Inc. ("Nike"), which agreement is attached as Exhibit 1 to the Motion (the "Nike Agreement"), the "Omnibus Declaration of Shiekh S. Ellahi in Support of First Day Motions," all other papers filed in support of, in connection with, or response to, the Motion, the record in this case, and all arguments, statements, and representations of counsel on the record at the hearing; and the Motion and notice of the Motion having been timely and properly served on all necessary parties in accordance with the directions of the Court and the Local Bankruptcy Rules; and good cause appearing therefor, it is hereby **ORDERED** as follows:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Nike Agreement is approved on an interim basis as set forth herein.

3. A final hearing on the Motion is set for January 9, 2018, at 1:00 p.m., in Courtroom 1368 of the above-entitled Court (the "Final Hearing").

4. Pending the Final Hearing, the Debtor is authorized (but not directed) to: (i) make an initial Pay Down Payment (as that term is defined in the Nike Agreement) of $1,000,000 and the related New Product Payment (as that term is defined in the Nike Agreement) of $3,000,000 (for a total of $4,000,000), in exchange for the corresponding shipment of product from Nike as set forth in the Nike Agreement; and (ii) make any further Pay Down Payment and related New Product Payment to Nike that the Debtor deems necessary in its business judgment to obtain necessary product from Nike pending the Final Hearing, in exchange for the corresponding

shipment of product from Nike, to avoid immediate and irreparable harm to the Debtor or its business.

5.  Pending the Final hearing, Nike is authorized to apply any of the Pay Down Payments made in accordance with this Order to satisfy the oldest outstanding invoices first (including any pre-petition invoices).

6.  Except as otherwise expressly set forth in this Order, all other terms and conditions of the Nike Agreement, including, but not necessarily limited to, Nike's application of any New Product Payments made in accordance with this Order to satisfy the oldest outstanding invoices first (including any pre-petition invoices), the elevation of any of Nike's outstanding claim to superpriority status, and the releases set forth in paragraph 9 to the Nike Agreement, shall not occur until final approval of the Motion and Nike Agreement at the Final Hearing. Nike is authorized to apply any Payments (as that term is defined in the Nike Agreement) received in accordance with the Nike Agreement pursuant to the terms of the Nike Agreement. Any Payments made to Nike pursuant to this Interim Order, even if the Final Order is not approved, shall not be subject to avoidance, disgorgement, reversal, clawback, modification, reallocation, disallowance, adjustment, repeal, limitation, or any other impairment.

7.  Any Superpriority Claims (as defined in the Nike Agreement) of Nike shall be subordinate to any and all claims, liens, and security interests of State Bank and Trust Company (as successor-by-merger to Alostar Bank, "Senior Lender"), including, without limitation, all claims, liens, and security interests of Senior Lender (collectively, the "Senior Lender Claims") arising under, or in connection with, (i) any credit facility provided by Senior Lender to the Debtor before the Petition Date, and (ii) any credit facility provided by Senior Lender to the Debtor on or after the Petition Date (any such credit facility, a "Senior Postpetition Facility"). Any Superpriority Claims of Nike shall be subordinate to any allowed, unavoidable secured claims, liens, and security interests of Comvest Capital II, L.P., as administrative and collateral agent for other lenders (collectively, "Comvest"), including, without limitation, any allowed, unavoidable secured claims, liens, and security interests of Comvest arising under, or in connection with that certain pre-petition "Credit Agreement" by and between the Debtor and Comvest. Any

2612969                                3

1  Superpriority Claims of Nike shall be subordinate to any allowed superpriority claims of Comvest.

2  Subject to Bankruptcy Court approval, the Superpriority Claims of Nike shall be senior to and

3  have priority over all other superpriority claims in the Case (other than the Senior Lender Claims)

4  unless Nike consents to different treatment in writing.

5        8.    This Court recognizes that Nike has agreed to the following as part of the Nike

6  Agreement and that such agreements shall be binding: (i) Nike will not be entitled to receive any

7  further Payments (as defined in the Nike Agreement) after Senior Lender's delivery of a notice of

8  termination of any Senior Postpetition Facility unless and until all Senior Lender Claims have

9  been paid in full, (ii) Nike will not assert any rights of reclamation, repossession, stoppage in

10  transit, or other similar rights with respect to any all product shipped by, or on behalf of, Nike to

11  the Debtor (any such product, "Nike Product") unless and until all Senior Lender Claims have

12  been paid in full, and not until the earlier of: (a) Comvest's allowed secured claims are paid in full,

13  or (b) an action is commenced objecting to Comvest's claim and/or challenging its liens, (iii) Nike

14  does not assert any security interest in any Nike Product, and (iv) Nike will be deemed to have

15  consented to any disposition of any Nike Product to the extent that Senior Lender has given its

16  consent to such disposition.

17        9.    Any Carve-Out (as that term is defined in the Nike Agreement) shall also include

18  any United States Trustee fees pursuant to 11 U.S.C. § 1930.

19        10.    Notwithstanding Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this

20  Order shall be effective and enforceable immediately upon its entry.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

11. This Court shall retain exclusive jurisdiction with regard to all issues or disputes arising from or relating to the implementation, interpretation, or enforcement of this Order.

### #

Date: December 1, 2017

/s/ Vincent P. Zurzolo
Vincent P. Zurzolo
United States Bankruptcy Judge

2612969

5