Scott F. Gautier (State Bar No. 211742)
SGautier@RobinsKaplan.com
Kevin D. Meek (State Bar No. 280562)
KMeek@RobinsKaplan.com
ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: 310 552 0130
Facsimile: 310 229 5800

Randall L. Klein (*admitted pro hac vice*)
Randall.Klein@goldbergkohn.com
Dimitri G. Karcazes (*admitted pro hac vice*)
Dimitri.Karcazes@goldbergkohn.com
GOLDBERG KOHN LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603
Telephone: 312 201 4000
Facsimile: 312 332 2196

Attorneys for Comvest Capital II, L.P.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:17-bk-24626-VZ |
| SHIEKH SHOES LLC, a California limited liability company, | Chapter 11 |
| Debtor. | **LIMITED OBJECTION OF COMVEST CAPITAL II, L.P. TO THE DEBTOR IN POSSESSION'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS: (1) AUTHORIZING DEBTOR TO PAY PREPETITION CLAIM OF NIKE USA, INC., AS CRITICAL VENDOR; (2) INCUR POSTPETITION INDEBTEDNESS ON SUPERPRIORITY BASIS; AND (3) ENTER AND PERFORM UNDER AGREEMENT WITH NIKE USA, INC.** |
| | Hearing:<br>Date: January 9, 2018<br>Time: 1:00 p.m.<br>Place: Courtroom 1368<br>Roybal Federal Building<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

61404312.1

Comvest Capital II, L.P. ("<u>Comvest</u>"), as administrative agent and collateral agent for itself and certain other lenders (the "<u>Lenders</u>"), by its undersigned counsel, hereby files this Limited Objection[1] (the "<u>Objection</u>") in response to the *Debtor In Possession's Emergency Motion for Interim and Final Orders: (1) Authorizing Debtor to Pay Prepetition Claim of Nike USA, Inc., as Critical Vendor; (2) Incur Postpetition Indebtedness on Superpriority Basis; and (3) Enter and Perform under Agreement with Nike USA, Inc.; Memorandum of Points and Authorities in Support Thereof* (the "<u>Critical Vendor Motion</u>," D.I. 12).  In support thereof, Comvest states as follows:

## INTRODUCTION

Comvest objects to any proposed change to the Interim Critical Vendor Order (as defined below) that would modify the treatment or priority of Comvest's liens and claims without Comvest's consent.  Because the Debtor has been negotiating with Nike, the Committee and the Senior Secured Lender and has failed, despite Comvest's repeated requests, to share any drafts with Comvest or its counsel, Comvest is filing this Limited Objection to preserve Comvest's rights to object to any such modifications that may be contained in any proposed order that may be filed with the Court.

## RELEVANT FACTS

1.     Pursuant to that certain Loan and Security Agreement, dated as of March 17, 2017 (as amended, restated, supplemented or otherwise modified from time to time, the "<u>Prepetition Senior Loan Agreement</u>"), Debtor, Shiekh Shoes, LLC ("<u>Shiekh Shoes</u>") granted to State Bank and Trust Company (as successor-by-merger to Alostar Bank of Commerce, the "<u>Prepetition Senior Lender</u>") a first priority security interest in and continuing lien (the "<u>Prepetition Senior Liens</u>") on substantially all of the Debtor's assets and property, and all proceeds, products, accessions, rents and profits thereof  (the "<u>Collateral</u>"). *See Interim Order (1)*

---

[1] On December 22, 2017, Debtor's counsel agreed to extend any applicable deadline to object or respond to the Debtor's Motion for Comvest commensurate with the extensions that were being granted to the Committee. However, although the Debtor filed a stipulation and lodged an Order with respect to the Committee's extension, the Debtor neither informed Comvest's counsel of the existence of the stipulation and order nor included any reference to Comvest in such stipulation or order.  Moreover, the Debtor has since refused to file a similar stipulation and order to document its agreement with Comvest.

*Authorizing Debtor to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. § 364; (2) Authorizing the Debtor's Limited Use of Cash Collateral Pursuant to 11 U.S.C. § 363; (3) Granting Adequate Protection to Prepetition Senior Lender Pursuant to 11 U.S.C. § § 361, 362, 363, and 364; (4) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001* (the "<u>Financing Order</u>," D.I. 74).

2. Pursuant to that certain Credit Agreement, dated as of March 17, 2017 (as amended, restated, supplemented, or otherwise modified from time to time, the "<u>Prepetition Second Lien Credit Agreement</u>"), Debtor granted to Comvest (the "<u>Prepetition Second Lien Agent</u>") a second priority security interest in and continuing lien (the "<u>Prepetition Junior Liens</u>") in the Collateral. *See id*.

3. Further, pursuant to the Financing Order and the Postpetition Loan Agreement (as defined in the Financing Order), the Prepetition Senior Lender was authorized to provide secured post-petition financing to Debtor secured by the Postpetition Liens (as defined in the Financing Order). *Id*.

4. As a result, the Prepetition Junior Liens are subordinated only to the Carve Out, the Postpetition Liens, and Prepetition Senior Liens. *See id.*

5. Pursuant to the *Interim Order on Emergency Motion of Debtor and Debtor In Possession for Interim and Final Orders Authorizing Debtor to: (1) Pay Prepetition Claim of Nike USA, Inc., as Critical Vendor; (2) Incur Postpetition Indebtedness on Superpriority Basis; and (3) Enter and Perform under Agreement with Nike USA, Inc.* (the "<u>Interim Critical Vendor Order</u>", D.I. 73), (i) in return for Nike's agreement to ship $3,000,000 of postpetition product to Debtor, Debtor is authorized to make a payment of $1,000,000 in satisfaction of Nike's prepetition debt and $3,000,000 to pay for such postpetition shipment (for a total payment of $4,000,000), and (ii) any Superpriority Claims of Nike (as defined in the Interim Critical Vendor Order) shall be subordinated to any allowed, unavoidable secured claims, liens, security interests and superpriority claims of Comvest.

6. As originally filed, the Debtor's proposed *Final Order Granting Emergency Motion of Debtor and Debtor In Possession for Interim and Final Orders*

1   *Authorizing Debtor to: (1) Pay Prepetition Claim of Nike USA, Inc., as Critical Vendor; (2)*
2   *Incur Postpetition Indebtedness on Superpriority Basis; and (3) Enter and Perform under*
3   *Agreement with Nike USA, Inc.* (the "Proposed Final Order", attached as Exhibit 4 to the Critical
4   Vendor Motion) and the Critical Vendor Supply and Credit Agreement and Payment Plan
5   between Debtor and Nike (the "Nike Agreement," attached as Exhibit 1 to the Critical Vendor
6   Motion) (i) authorize Debtor to "make any and all payments to Nike . . . to satisfy the oldest
7   outstanding invoices first (including any pre-prepetition invoices)" and (ii) change the established
8   priority of liens by granting Nike a superpriority administrative claim to "all outstanding amounts
9   due and owing" to Nike, including any prepetition amounts. *See* Proposed Final Order, ¶¶ 4-6.

## LIMITED OBJECTION

7.   Comvest is informed by Committee counsel that the Debtor and the Committee are working on a new form of proposed final order. That proposed final order has not been shared with Comvest. Accordingly, objects to any proposed change to the Interim Critical Vendor Order that would modify the treatment or priority of Comvest's liens and claims without Comvest's consent.

8.   To be clear, Comvest agrees that a final order authorizing Debtor to continue to make "critical vendor" payments of $1,000,000 on account of Nike's prepetition debt for each $3,000,000 of postpetition product Nike ships to Debtor (resulting in a total payment to Nike of $4,000,000 for each $3,000,000 of postpetition product shipped by Nike to Debtor) is consistent with the Interim Critical Vendor Order.

9.   However, generally, prepetition claims of "critical vendors" cannot be paid before other prepetition claims "on grounds of lack of authority under the Bankruptcy Code to pay claims outside the statutory scheme for payment of prepetition claims." *In re EcoSmart, Inc.*, No. 15-27139, 2015 WL 9274245, at *4, *9 (Bankr. C.D. Cal. Dec. 18, 2015) (holding that absent the priority status of claims, wage, salary, and commission claims of the debtor's employees and independent contractors did not warrant "immediate payment in advance of general distribution on prepetition claims"); *see also Matter of B & W Enterprises, Inc.*, 713 F.2d 534, 535–538 (9th Cir.1983) (affirming the bankruptcy court's avoidance of certain payments of

prepetition claims made by a debtor-in-possession in Chapter 11 proceedings before conversion to Chapter 7, rejecting the defenses of the paid creditors that the payment was proper under the so-called "necessity of payment" rule and declining to extend any such rule outside railroad reorganization cases); *In re Kmart Corp.*, 359 F.3d 866, 871–874 (7th Cir.2004) (affirming the district court's reversal of a bankruptcy court's "critical vendor" payment order, stating that "[a] 'doctrine of necessity' is a fancy name for a power to depart from the [Bankruptcy] Code.").

10.     Comvest has a properly perfected secured lien in the Debtor's inventory, and Nike's prepetition claim (and any superpriority claim granted to Nike with respect to such prepetition claim or in respect of Nike's postpetition supply of inventory) should remain subordinated to the Prepetition Junior Liens and any superpriority claims of Comvest. In connection with the entry of the Financing Order, Debtor took the position that Comvest was substantially oversecured (subject to the reservation by Debtor to challenge Comvest's claims and liens) and the Court concluded that Comvest was adequately protected with respect to Debtor's use of Comvest's cash collateral by virtue of the replacement liens provided to Comvest under the Financing Order and the superpriority claims provided to Comvest in the event that the replacement liens fail to adequately protect Comvest. Any superpriority claim granted to Nike must be junior to the Prepetition Junior Liens and any superpriority claims of Comvest, otherwise the adequate protection being offered to Comvest on account of Comvest's Prepetition Junior Liens is ephemeral.

11.     Hence, to the extent that any proposed final order allows for a "roll up" of Nike's entire prepetition unsecured claim to an administrative superpriority claim, to the extent that such claim seeks priority or parity with any secured or superpriority claim of Comvest, Comvest hereby objects to Nike's prepetition debt being granted administrative superpriority status.

12.     Comvest believes that it is likely that the Debtor's case will be rendered administratively insolvent if Nike were provided with administrative superpriority status on account of its entire prepetition debt. *See In re Kmart,* 359 F.3d at 872 ("[t]reating pre-filing debts

as 'administrative' claims . . . would impair the ability of bankruptcy law to prevent old debts from sinking a viable firm"). Accordingly, it would be impossible to provide the adequate protection of Comvest's secured claim that the Bankruptcy Code requires if Nike is granted a superpriority claim that has parity or priority with any of Comvest's claims.

13. Consistent with the Interim Critical Vendor Order, Comvest is not opposed to any proposed final order that provides for the same subordination of Nike's Superpriority Claims as the Interim Critical Vendor Order.

## **CONCLUSION**

Comvest hereby reserves all of its rights and remedies under the Interim Critical Vendor Order in connection with the foregoing.

Dated: December 29, 2017.

**ROBINS KAPLAN LLP**

By: _____ */s/ Scott F. Gautier* _____
　　　Scott F. Gautier
　　　Kevin D. Meek

and

Randall L. Klein, Esq.
Dimitri G. Karcazes, Esq.
GOLDBERG KOHN LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603

**ATTORNEYS FOR COMVEST CAPITAL II, L.P.**

# PROOF OF SERVICE OF DOCUMENTS

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Robins Kaplan LLP, 2049 Century Park East, Suite 3400, Los Angeles, California 90067

A true and correct copy of the foregoing documents entitled: **LIMITED OBJECTION OF COMVEST CAPITAL II, L.P. TO THE DEBTOR IN POSSESSION'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS: (1) AUTHORIZING DEBTOR TO PAY PREPETITION CLAIM OF NIKE USA, INC., AS CRITICAL VENDOR; (2) INCUR POSTPETITION INDEBTEDNESS ON SUPERPRIORITY BASIS; AND (3) ENTER AND PERFORM UNDER AGREEMENT WITH NIKE USA, INC.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 29, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Dustin P Branch    branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com
- Gregg M Ficks    gficks@coblentzlaw.com
- Scott F Gautier    sgautier@robinskaplan.com
- Ronald E Gold    rgold@fbtlaw.com, joguinn@fbtlaw.com
- Asa S Hami    ahami@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com;agonzalez@ecf.inforuptcy.com;ahami@ecf.inforuptcy.com
- Brian D Huben    hubenb@ballardspahr.com, carolod@ballardspahr.com
- William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
- Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com
- Dimitri G Karcazes    dimitri.karcazes@goldbergkohn.com
- David S Kupetz    dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.inforuptcy.com;dkupetz@ecf.inforuptcy.com
- Daniel A Lev    dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;dlev@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Angela Z Miller    amiller@phillipslytle.com, styrone@phillipslytle.com
- Ali M Mojdehi    amojdehi@cooley.com, jgertz@cooley.com;bbyun@cooley.com;arego@cooley.com
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Ernie Zachary Park    ernie.park@bewleylaw.com
- Kristen N Pate    ggpbk@ggp.com
- Dean G Rallis    drallis@afrct.com, msinclair@afrct.com;AFRCTECF@afrct.com;mpham@afrct.com
- Allan D Sarver    ADS@asarverlaw.com
- Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
- Michael A Sweet    msweet@foxrothschild.com, swillis@foxrothschild.com
- Wayne R Terry    wterry@hemar-rousso.com
- Ronald M Tucker    rtucker@simon.com, cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Edward T Weber    ed@eweberlegal.com
- Steven Werth    swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com
- Eric R Wilson    kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **December 29, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed. **NONE.**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 29, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Courtesy Copy Via Messenger**
Honorable Vincent Zurzolo
United States Bankruptcy Court
Central District of California
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, California 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 29, 2017 | Angela Matsuoka | /s/ Angela Matsuoka |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    **F 9013-3.1.PROOF.SERVICE**