| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| David S. Kupetz (CA Bar No. 125062)<br> *dkupetz@sulmeyerlaw.com*<br>Asa S. Hami (CA Bar No. 210728)<br> *ahami@sulmeyerlaw.com*<br>Steven F. Werth (CA Bar No. 205434)<br> *swerth@sulmeyerlaw.com*<br>SulmeyerKupetz, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, California 90071<br>Telephone 213.626.2311<br>Facsimile 213.629.4520<br>☐ Individual *appearing without an attorney*<br>☒ *Attorney for:* Shiekh Shoes, LLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>SHIEKH SHOES, LLC,<br>a California limited liability company, | CASE NO.: 2:17-bk-24626-VZ |
|---|---|
| | CHAPTER: 11 |
| | **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (*title of motion[1]*):<br>DEBTOR'S MOTION FOR INTERIM AND<br>FINAL ORDERS: (1) AUTHORIZING DEBTOR TO<br>OBTAIN POST-PETITION REPLACEMENT TERM<br>LOAN, etc. |
| Debtor(s) | |

PLEASE TAKE NOTE that the order titled INTERIM ORDER (1) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION REPLACEMENT TERM LOAN SECURED BY SENIOR LIEN PURSUANT TO 11 U.S.C. § 364, (2) AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (3) GRANTING ADEQUATE PROTECTION TO PREPETITION JUNIOR SECURED CREDITOR PURSUANT TO 11 U.S.C. §§ 361, 362, 363, AND 364, (4) SCHEDULING FINAL HEARING ON MOTION; AND (5) GRANTING RELATED RELIEF
was lodged on (*date*) January 10, 2018, and is attached. This order relates to the motion which is docket number 276 .

---

[1] Please abbreviate if title cannot fit into text field.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT A

1  David S. Kupetz (CA Bar No. 125062)
      *dkupetz@sulmeyerlaw.com*
2  Asa S. Hami (CA Bar No. 201728)
      *ahami@sulmeyerlaw.com*
3  Steven F. Werth (CA Bar No. 205434)
      *swerth@sulmeyerlaw.com*
4  **Sulmeyer**Kupetz
   A Professional Corporation
5  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California 90071-1406
6  Telephone: 213.626.2311

7  Attorneys for Debtor and Debtor in Possession
   Shiekh Shoes, LLC

8

9              **UNITED STATES BANKRUPTCY COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

11  In re                                    Case No. __2:17-bk-24626-VZ

12                                           Chapter 11
    SHIEKH SHOES, LLC,
13  a California limited liability company,  **INTERIM ORDER:**

14                                           **(1) AUTHORIZING DEBTOR TO OBTAIN**
              Debtor.                        **POSTPETITION REPLACEMENT TERM**
15                                           **LOAN SECURED BY SENIOR LIEN**
                                             **PURSUANT TO 11 U.S.C. § 364 TO PAY**
16                                           **STATE BANK AND TRUST COMPANY;**

17                                           **(2) AUTHORIZING DEBTOR'S USE OF**
                                             **CASH COLLATERAL PURSUANT TO 11**
18                                           **U.S.C. § 363;**

19                                           **(3) GRANTING ADEQUATE**
                                             **PROTECTION TO PREPETITION JUNIOR**
20                                           **SECURED CREDITOR PURSUANT TO 11**
                                             **U.S.C. §§ 361, 362, 363, AND 364;**
21
                                             **(4) SCHEDULING FINAL HEARING ON**
22                                           **MOTION; AND**

23                                           **(5) GRANTING RELATED RELIEF**

24                                           [Relates to Dkt. No. 276]

25                                           Date:    January 9, 2018
                                             Time:    1:30 p.m.
26                                           Place:   Courtroom 1368
                                                      255 East Temple Street
27                                                    Los Angeles, CA 90012

28

*SulmeyerKupetz, A Professional Corporation*
*333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR*
*LOS ANGELES, CALIFORNIA 90071-1406*
*TEL 213.626.2311 • FAX 213.629.4520*

2617863

1    The "Motion For Interim And Final Orders: (1) Authorizing Debtor to Obtain Postpetition

2  Replacement Term Loan Secured by Senior Lien Pursuant to 11 U.S.C. § 364 to Payoff State

3  Bank and Trust Company; (2) Authorizing Debtor's Use of Cash Collateral Pursuant to 11 U.S.C.

4  § 363; (3) Granting Adequate Protection to Prepetition Junior Secured Creditor Pursuant to 11

5  U.S.C. §§ 361, 362, 363, And 364; (4) Scheduling Final Hearing on Motion; And (5) Granting

6  Related Relief" [Dkt. No. 276] (the "**Motion**"), filed by Shiekh Shoes, LLC, the debtor and debtor

7  in possession in the above-captioned case (the "**Debtor**"), came on for hearing on an shortened

8  notice on January 9, 2018, at 1:30 p.m., before the Honorable Vincent P. Zurzolo, United States

9  Bankruptcy Judge, in Courtroom 1368 of the above-entitled Court, at 255 East Temple Street, Los

10  Angeles, California 90012.  Appearances were as noted on the record of the hearing.

11    The Motion filed in the above-captioned chapter 11 case (the "**Chapter 11 Case**") seeks

12  the entry of this interim order (this "**Order**") and a final order (the "**Final Order**"): (1)

13  authorizing the Debtor to obtain a senior secured postpetition term loan in the principal amount of

14  $5,000,000 (the "**Term Loan**"), pursuant to section 364 of title 11 of the United States Code, 11

15  U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**"), from Anjum Shiekh (the brother of the Debtor's

16  principal, Shiekh S. Ellahi) (the "**Term Lender**"), pursuant to the terms of this Order and that

17  certain "Senior Secured Debtor in Possession Term Loan And Security Agreement", dated as of

18  January 10, 2018, by and between the Debtor and the Term Lender in substantially the form

19  attached to the Motion as Exhibit A (as the same may be amended, restated, supplemented or

20  otherwise modified from time to time, the "**Term Loan Agreement**"),[1] as a first stage of funding

21  pending the Debtor's procurement of a second stage of funding; (2) authorizing the Debtor to use

22  the Term Loan in an amount necessary to pay the existing prepetition and postpetition senior

23  secured debt owed by the Debtor to State Bank and Trust Company ("**State Bank**"); (3)

24  authorizing the Debtor to execute, deliver and enter into the Term Loan Agreement and other

25  Term Loan Documents (as defined in paragraph 2 below) and to perform such other and further

26  acts as may be required in connection with the Term Loan Documents; (4) granting security

---

[1] Capitalized terms used but not defined herein shall have the meaning assigned to such terms in the Term Loan
Agreement.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL  213.626.2311 • FAX  213.629.4520

1   interests, liens, and superpriority claims (including a superpriority administrative claim pursuant to

2   section 364(c)(1) of the Bankruptcy Code, liens pursuant to sections 364(c)(2) and 364(c)(3) of the

3   Bankruptcy Code, and priming liens pursuant to section 364(d) of the Bankruptcy Code) to the

4   Term Lender to secure all obligations of the Debtor under and with respect to the Term Loan,

5   subject to the payment of: (a) fees of the United States Trustee as required under 28 U.S.C. §

6   1930(a)(6) (the "**UST Fees**"); and (b) allowed fees and expenses of each of the Debtor's

7   bankruptcy counsel, the Debtor's financial advisor, the Committee's bankruptcy counsel, and the

8   Committee's financial advisor (collectively, the "**Professional Fees**"); (5) approving the Debtor's

9   proposed 9-week budget appended hereto as <u>Exhibit A</u> (the "**Budget**"), which includes line-items

10  for the payment of the UST Fees and Professional Fees; (6) authorizing the Debtor's use of Cash

11  Collateral (as defined in paragraph F below) to pay ordinary and necessary operating and

12  administrative expenses pursuant to the Budget, with the provision: (a) for flexibility in

13  connection with the Budget such that the Debtor may exceed the disbursements forecasted in the

14  Budget by up to 20% on a line-by-line basis, and to exceed aggregate disbursements forecasted in

15  the Budget by a total of 20%, measured on a cumulative weekly basis; and (b) that, to the extent

16  any amount in a disbursement category is unused during a particular period, such amount be

17  preserved and available for use in any subsequent period; (7) granting adequate protection to

18  Comvest Capital II, L.P., as administrative and collateral agent for itself and various lenders more

19  specifically identified in the related prepetition credit agreement, and to such lenders (collectively,

20  "**Comvest**"), whose liens and security interests are being primed by the Term Loan, as more fully

21  set forth in this Order; (8) modifying the automatic stay imposed under section 362 of the

22  Bankruptcy Code to the extent necessary to implement, effectuate, and perform under the terms

23  and provisions of the Term Loan Documents and this Order; (9) setting an expedited interim

24  hearing (the "**Interim Hearing**") on the Motion, pursuant to Rule 4001 of the Federal Rules of

25  Bankruptcy Procedure ("**FRBP**") and applicable Local Bankruptcy Rules of this Court, to be held

26  before this Court to consider entry of this Order, which authorizes the Debtor to borrow under the

27  Term Loan Documents up to an aggregate principal amount not to exceed $5,000,000; (10)

28  finding that adequate notice of the Motion has been provided; (11) finding that any credit extended

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1   and loans made to, cash collateral used by, and adequate protection provided by the Debtor, are in

2   "good faith" pursuant to section 364(e) of the Bankruptcy Code;  (12) pursuant to Bankruptcy

3   Rules 4001(b)(2) and 4001(c)(2) and the applicable Local Bankruptcy Rules of this Court: (a)

4   scheduling a final hearing (the "**Final Hearing**") on the Motion as set forth in paragraph 27 below

5   to consider entry of the Final Order authorizing the Term Loan under the Term Loan Documents

6   on a final basis, and (b) approving notice procedures with respect thereto; (13) waiving any

7   applicable stay, including under FRBP 4001(b) and (c), and authorizing the immediate

8   effectiveness of this Order; and (14) granting related and ancillary relief; and the Interim Hearing

9   having been held before this Court on January 9, 2018; and this Court having considered the

10  Motion and all pleadings related thereto, any oppositions or other responses to the Motion, the

11  record in this case, and the evidence, representations, statements, and arguments presented by

12  counsel at the Interim Hearing; and after due deliberation and consideration, and for the reasons

13  set forth on the record at the Interim Hearing, and good and sufficient cause appearing therefor:

14          **THIS COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS**:[2]

15          A.      <u>Commencement of Case</u>.  On November 29, 2017 (the "**Petition Date**"), the

16  Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy

17  Code.  The Debtor is continuing to operate its business and manage its properties as a Debtor-in-

18  possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been

19  made for the appointment of a trustee or examiner.  On or about December 11, 2017, the United

20  States Trustee appointed the Committee in this Chapter 11 Case.

21          B.      <u>Jurisdiction; Venue</u>.  This Court has jurisdiction over the Chapter 11 Case and the

22  Motion pursuant to 28 U.S.C. §§ 157(b) and 1334.  Consideration of the Motion constitutes a core

23  proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief sought herein

24  are sections 105, 361, 362, 363, and 364 of the Bankruptcy Code and Rules 2002, 4001 and 9014

25  of the Federal Rules of Bankruptcy Procedure.  Venue of the Chapter 11 Case in this District is

26  proper pursuant to 28 U.S.C. §§ 1408 and 1409.

27

28  [2] Pursuant to Bankruptcy Rule 7052, any findings of fact contained herein that may be construed as matters of law
    shall be treated as conclusions of law as if set forth below, and vice versa.

C.     <u>Adequate Notice</u>.  On January 3, 2018, the Debtor filed the Motion with this Court and pursuant to Bankruptcy Rules 2002, 4001 and 9014, and the Local Bankruptcy Rules of this Court, the Debtor has provided notice of the Motion and the Interim Hearing by electronic mail, facsimile, hand delivery or overnight delivery to the following parties and/or to their counsel as indicated: (i) the Office of the United States Trustee for this District (the "**<u>U.S. Trustee</u>**"); (ii) the Committee; (iii) State Bank; (iv) Comvest; (v) all other known parties with liens of record on assets of the Debtor as of the Petition Date; (vi) the local office for the Internal Revenue Service; and (vii) all other parties required to receive notice under the Court's order limiting notice [Dkt. No. 69](collectively, the "**<u>Notice Parties</u>**").  Given the nature of the relief sought in the Motion, this Court concludes that the foregoing notice was sufficient and adequate under the circumstances and complies with the Bankruptcy Code, the Bankruptcy Rules, and any other applicable law, and no further notice relating to this proceeding is necessary or required.

D.     <u>State Bank Liens and Claims</u>.

Without prejudice to the rights of any other party:

1.     Pursuant to that certain Loan and Security Agreement, dated as of March 17, 2017 (as amended, restated, supplemented or otherwise modified from time to time, the "**<u>State Bank Prepetition Loan Agreement</u>**"), among the Debtor, State Bank and Trust Company (as successor-by-merger to Alostar Bank of Commerce), State Bank agreed to extend loans to, issue letters of credit for, and provide services and other credit accommodations to, the Debtor.  The State Bank Prepetition Senior Loan Agreement, along with any other agreements and documents executed or delivered in connection therewith, including, without limitation, the "Loan Documents" as defined therein, are collectively referred to herein as the "**<u>State Bank Prepetition Loan Documents</u>**" (as the same may be amended, restated, supplemented or otherwise modified from time to time).

2.     All obligations of the Debtor arising under, or in connection with, the State Bank Prepetition Loan Agreement (including, without limitation, the "Obligations" and "Bank Product Obligations", each as defined therein), any other State Bank Prepetition Loan Document, and/or any agreement evidencing any Bank Products (as defined in the State Bank Prepetition Loan Agreement) shall collectively be referred to herein as the "**<u>State Bank Prepetition Obligations</u>**."

3.     Pursuant to the State Bank Prepetition Loan Agreement, the Security Documents (as defined in the State Bank Prepetition Loan Agreement), and all other State Bank Prepetition Loan Documents that purport to create a Lien (as defined in the State Bank Prepetition Loan Agreement) in favor of State Bank (as such documents are amended, restated, supplemented or otherwise modified from time to time, the "**<u>State Bank Prepetition Security Documents</u>**"), the Debtor granted to State Bank, to secure the State Bank Prepetition Senior Obligations, a first priority security interest in and continuing lien (the "**<u>State Bank Prepetition Liens</u>**") on substantially all of the Debtor's assets and property, and all proceeds, products, accessions, rents and profits thereof, in each case whether then owned or existing or thereafter acquired or arising.

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

All collateral granted or pledged by the Debtor pursuant to any State Bank Prepetition Security Document or any other State Bank Prepetition Loan Document, including, without limitation, the "Collateral" as defined in the State Bank Prepetition Loan Agreement, and all pre-petition and post-petition proceeds thereof shall collectively be referred to herein as the "**State Bank Prepetition Collateral**".

4.      As of the Petition Date, (i) the Debtor was indebted to State Bank pursuant to the State Bank Prepetition Loan Documents in the aggregate principal amount of not less than $7,005,970.00 in respect of loans made and letters of credit issued by State Bank, plus all accrued and hereafter accruing and unpaid interest thereon and any additional fees and expenses (including any attorneys', accountants', appraisers' and financial advisors' fees and expenses that are chargeable or reimbursable under the State Bank Prepetition Loan Documents) now or hereafter due under the State Bank Prepetition Loan Agreement and the other State Bank Prepetition Loan Documents, and (ii) the value of the State Bank Prepetition Collateral exceeded the amount of State Bank Prepetition Obligations.

5.      On November 29, 2017, the Debtor filed an "Emergency Motion For Interim And Final Orders: (1) Authorizing Debtor to Obtain Postpetition Financing Pursuant to 11 U.S.C. § 364; (2) Authorizing The Debtor's Limited Use of Cash Collateral Pursuant to 11 U.S.C. § 363; (3) Granting Adequate Protection to Prepetition Senior Lender Pursuant to 11 U.S.C. §§ 361,362, 363, And 364; (4) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001; And (5) Granting Related Relief" [Dkt. No. 5] (the "**State Bank DIP Financing Motion**");

6.      On December 1, 2017, this Court entered an interim order granting the State Bank DIP Financing Motion on an interim basis (the "**State Bank Interim Order**") and on January 9, 2018, this Court entered a final order granting the State Bank DIP Financing Motion on a final basis (the "**State Bank Final Order**", together with the State Bank Interim Order, the "**State Bank Financing Orders**"), pursuant to which, as more specifically set forth therein, the Debtor was authorized to obtain senior secured post-petition financing in an aggregate principal amount not to exceed $16,000,000 (the "**State Bank DIP Facility**"), pursuant to section 364 of the Bankruptcy Code, from State Bank pursuant to the terms of the State Bank Financing Orders and that certain "Senior Secured, Super-Priority Debtor-In-Possession Loan and Security Agreement," dated as of December 1, 2017, by and between the Debtor and State Bank (as the same may be amended, restated, supplemented or otherwise modified from time to time, the "**State Bank Postpetition Loan Agreement**");

7.      On December 21, 2017, State Bank issued to the Debtor a notice of default and reservation of rights asserting that Events of Default exist under the State Bank Loan Agreement and State Bank Interim Order, and advising that the obligations due State Bank will bear interest at the Default Rate effective as of December 21, 2017, with a reservation of rights to exercise all of its rights and remedies under the State Bank DIP Loan Agreement, the State Bank Interim Order, and other loan documents relating to the State Bank DIP Facility (together with the State Bank Loan Agreement and the State Bank Final Order, the "**State Bank DIP Loan Documents**").  On December 29, 2017, State Bank issued to the Debtor a second notice of default and reservation of rights asserting that an additional Event of Default exists under the State Bank Loan Agreement and State Bank Interim Order.

8.      As of the filing of the Motion, the Debtor was indebted to State Bank on account of any remaining State Bank Prepetition Obligations and any obligations under the State Bank DIP Facility (the "**State Bank Postpetition Obligations**," and together with the State Bank Prepetition Obligations, the "**State Bank Obligations**") in an amount not less than $5,002,024 .

9.      After cash payment of the current outstanding State Bank Obligations, there will still be additional State Bank Obligations remaining.  These obligations include, without limitation, indemnification and expense reimbursement obligations.  All protections, liens,

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1   security interests, and claims approved, granted, and/or created for the insider Term Lender shall
2   be subordinate in all respects to all State Bank Obligations and State Bank Liens, and nothing
    contained in this Order or any subsequent insider financing order shall alter those priorities.

3        E.    Comvest Liens and Claims.

4        Without prejudice to the rights of any party (including the Debtor), the Debtor states that:

5            1.    Pursuant to that certain Credit Agreement, dated as of March 17, 2017 (as
    amended, restated, supplemented or otherwise modified from time to time, the "Prepetition Second
6   Lien Credit Agreement"), among the Debtor, Comvest Capital II, L.P., as administrative agent and
    collateral agent for itself and the Prepetition Second Lien Lenders (as defined below) (in such
7   capacity, the "**Prepetition Second Lien Agent**"), and the other lenders party thereto (collectively,
    the "**Prepetition Second Lien Lenders**"), the Prepetition Second Lien Lenders agreed to extend a
8   term loan to the Debtor in an aggregate principal amount of $10,000,000.  The Prepetition Second
    Lien Credit Agreement, along with any other agreements and documents executed or delivered in
9   connection therewith, including, without limitation, the "Loan Documents" as defined therein, are
    collectively referred to herein as the "**Prepetition Second Lien Loan Documents**" (as the same
10  may be amended, restated, supplemented or otherwise modified from time to time).  The Prepetition
    Second Lien Agent and the Prepetition Second Lien Lenders may be referred to herein collectively,
11  as "**Comvest**").

12           2.    All obligations of the Debtors arising under the Prepetition Second Lien
    Credit Agreement (including, without limitation, the "Obligations" as defined therein) or any other
13  Prepetition Second Lien Loan Document shall collectively be referred to herein as the "**Prepetition
    Second Lien Obligations**."
14
             3.    Pursuant to the Collateral Agreement (as defined in the Prepetition Second
15  Lien Credit Agreement) (as such documents are amended, restated, supplemented or otherwise
    modified from time to time, the "**Prepetition Second Lien Security Documents**"), by and between
16  the Debtor and the Prepetition Second Lien Agent, the Debtor granted to the Prepetition Second
    Lien Agent, for the benefit of itself and the Prepetition Second Lien Lenders, to secure the
17  Prepetition Second Lien Obligations, a second priority security interest in and continuing lien (the
    "**Prepetition Junior Liens**") in the State Bank Prepetition Collateral (the "**Comvest Collateral**").
18
19       F.    Cash Collateral.  For purposes of this Order, the term "**Cash Collateral**" shall

20  mean and include all "cash collateral" as defined by section 363(a) of the Bankruptcy Code and

21  shall include and consist of, without limitation, all of the respective cash proceeds of the

22  Postpetition Collateral (as defined below in paragraph 8 of this Order) and Comvest Collateral in

23  which Comvest has an interest (including, without limitation, any adequate protection lien or

24  security interest), whether such interest existed as of the Petition Date or arises thereafter pursuant

25  to this Order, any other order of this Court, applicable law or otherwise.

26       G.    Exigent Circumstances.  The Debtor has an immediate and critical need to obtain

27  postpetition funding under the Term Loan and to use Cash Collateral in order to, among other

28  things, pay the outstanding State Bank Obligations, finance the ordinary costs of its operations,

2617863                                      7

1  make payroll, satisfy other working capital and operational needs, and satisfy the administrative

2  expenses in this Chapter 11 Case.  The Debtor's access to sufficient working capital and liquidity

3  through the incurrence of postpetition funding under the Term Loan and the use of Cash Collateral

4  under the terms of this Order is vital to the preservation and maintenance of the value of the

5  Estate.  Consequently, without access to the Term Loan and the use of Cash Collateral, to the

6  extent authorized pursuant to this Order, the Debtor and its Estate would suffer immediate and

7  irreparable harm.

8       H.    No Alternative Sources of Funding.  Given the Debtor's current financial condition

9  and capital structure, the Debtor is unable to obtain (i) adequate unsecured credit allowable either

10  (a) under sections 364(b) and 503(b)(1) of the Bankruptcy Code or (b) under section 364(c)(1) of

11  the Bankruptcy Code, (ii) adequate credit secured by (x) a senior lien on unencumbered assets of

12  its estate under section 364(c)(2) of the Bankruptcy Code and (y) a junior lien on encumbered

13  assets under section 364(c)(3) of the Bankruptcy Code, or (iii) secured credit under section

14  364(d)(1) of the Bankruptcy Code, from sources other than the Term Lender on terms more

15  favorable than the terms of the Term Loan.  The only source of secured credit available to meet

16  the Debtor's current needs and on an immediate basis is the Term Loan.  The Debtor requires both

17  additional financing under the Term Loan and the use of Cash Collateral under the terms of this

18  Order in order to satisfy its post-petition liquidity needs.  After considering all of its alternatives,

19  the Debtor has concluded, in an exercise of its sound business judgment, that the financing to be

20  provided by the Term Lender pursuant to the terms of this Order and the Term Loan Documents

21  represents the best financing presently available to the Debtor.

22       I.    Willingness of Term Lender.  The Term Lender has indicated a willingness to

23  provide the Debtor with a loan, but solely on the terms and conditions set forth in this Order and in

24  the Term Loan Documents.

25       J.    Section 364(d) Finding.  The security interests and liens granted pursuant to this

26  Order to the Term Lender are appropriate under section 364(d) of the Bankruptcy Code because,

27  among other things: (i) such security interests and liens do not impair the interests of any holder of

28  a valid, perfected, prepetition security interest or lien in any property of the Estate, (ii) such

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  security interests and liens do not impair and are subordinate to the security interests and liens

2  granted to State Bank under the State Bank Financing Orders (collectively, the "**State Bank**

3  **Postpetition Liens**") and the State Bank Prepetition Liens (together with the State Bank

4  Postpetition Liens, the "**State Bank Liens**"), and/or (iii) the holders of such security interests and

5  liens have consented (or are deemed to have consented) to the security interests and priming liens

6  granted pursuant to this Order to the Term Lender.  For the avoidance of doubt, Comvest has not

7  consented to the security interests and priming liens granted pursuant to this Order.

8       K.     Good Cause Shown.  Good cause has been shown for immediate entry of this Order

9  pursuant to Bankruptcy Rules 4001(b)(2) and (c)(2) and such relief is in the best interest of the

10  Debtor, its Estate and creditors.  In particular, the authorizations granted herein for the Debtor to

11  execute the Term Loan Documents, to use the Cash Collateral, and to obtain interim financing,

12  including on a priming lien basis, are necessary to avoid immediate and irreparable harm to the

13  Debtor and its Estate, are fair and reasonable, reflect the Debtor's exercise of prudent business

14  judgment consistent with its fiduciary duties, and are supported by reasonably equivalent value

15  and fair consideration.

16       L.     Section 364(e); Good Faith.  The Term Loan, Term Loan Documents, use of Cash

17  Collateral, and provision of adequate protection contained herein have been negotiated in good

18  faith and at arm's-length among the Debtor and the Term Lender.  Accordingly, any credit

19  extended and loans made to, Cash Collateral used by, and adequate protection provided by, the

20  Debtor pursuant to this Order shall be, and hereby are, deemed to have been extended, issued,

21  made, used or provided, as the case may be, in "good faith" as required by, and within the

22  meaning of, section 364(e) of the Bankruptcy Code.

23       Based upon the foregoing findings, stipulations, and conclusions, and upon the record

24  made before this Court at the Interim Hearing, and good and sufficient cause appearing therefor,

25  **IT IS HEREBY ORDERED AS FOLLOWS:**

26       1.     Motion Granted.  The Motion is approved on an interim basis on the terms and

27  conditions set forth in this Order.  This Order shall become effective immediately upon its entry.

28  To the extent any provisions in this Order conflict with any provisions of the Term Loan

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    Documents, the provisions of this Order shall control and govern to the extent of such conflict.

2    All objections to the entry of this Order have been withdrawn or overruled.

3    2.    <u>Term Loan Documents</u>.  The terms and conditions of the Term Loan Agreement are

4    hereby approved.  The Debtor is hereby authorized to enter into and deliver the Term Loan

5    Agreement and such additional documents, instruments, notes and agreements as may be

6    reasonably required by the Term Lender to implement the terms or effectuate the purposes of this

7    Order (as such additional documents, instruments, notes and agreements may be amended,

8    restated, supplemented or otherwise modified from time to time, together with the Term Loan

9    Agreement, the "**<u>Term Loan Documents</u>**").  The Debtor is hereby authorized to borrow money

10    under the Term Loan Agreement, in accordance with the terms of this Order and the Term Loan

11    Documents.  Upon execution and delivery thereof by the Debtor, the Term Loan Documents shall

12    be incorporated by reference as part of this Order and shall constitute valid and binding

13    obligations of the Debtor, enforceable against the Debtor (and its Estate, successors and assigns)

14    in accordance with the terms thereof.

15    3.    <u>Amendments</u>.  The Debtor, subject to the Committee's consent, is hereby

16    authorized, without further notice, motion or application to, order of, or hearing before, this Court,

17    to enter into agreements with the Term Lender providing for any non-material modifications to the

18    Term Loan Agreement, or of any other modifications to the Term Loan Agreement necessary to

19    conform the Term Loan Agreement to this Order, and the Debtor may make any non-material

20    modifications to the Budget; <u>provided</u>, <u>however</u>, that notice of any material modification or

21    amendment to the Budget or the Term Loan Agreement shall be provided to counsel to the

22    Committee, counsel to Comvest, and counsel to the U.S. Trustee, each of whom shall have three

23    (3) days from the date of such notice within which to object in writing to such material

24    modification or amendment.  If the Committee, Comvest, or the U.S. Trustee timely objects in

25    writing served on counsel for the Term Lender and the Debtor to any material modification or

26    amendment to the Budget or the Term Loan Agreement, then such modification or amendment

27    shall only be permitted pursuant to an order of this Court.

28    4.    <u>Permitted Use</u>. Notwithstanding anything in this Order to the contrary, the Debtor

1  shall, and is authorized to, use the proceeds of the Term Loan to pay the existing State Bank

2  Obligations, and may use the Cash Collateral and any remaining proceeds of the Term Loan

3  following payment of the existing State Bank Obligations to pay any and all ordinary and

4  necessary operating and administrative expenses of the Debtor, solely in accordance with the Term

5  Loan Documents, this Order, and the Budget, with the provision: (i) for flexibility in connection

6  with the Budget such that the Debtor may exceed the disbursements forecasted in the Budget by

7  up to 20% on a line-by-line basis, and to exceed aggregate disbursements forecasted in the Budget

8  by a total of 20%. measured on a cumulative weekly basis; and (ii) that, to the extent any amount

9  in a disbursement category is unused during a particular period, such amount be preserved and

10  available for use in any subsequent period.  Any variance provided for in this Order shall be

11  exclusive of any fees, charges, costs, or expenses that may be required to be paid to State Bank in

12  connection with the payment of the State Bank Obligations.  The Term Loan shall mature and be

13  payable in full at the earlier of: (1) the first business day that is nine months after closing of the

14  Term Loan; (2) confirmation of a chapter 11 plan in this Chapter 11 Case; (3) conversion of the

15  Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code; (4) dismissal of the Chapter 11

16  Case; (5) appointment of a chapter 11 trustee in this Chapter 11 Case; or (6) a sale of all or

17  substantially all of the assets of the Estate.

18      5.      Postpetition Obligations.  For purposes of this Order, the term "**Postpetition**

19  **Obligations**" shall mean all amounts owing under the Term Loan Agreement and other Term

20  Loan Documents and shall include the principal of, interest on, fees, costs, expenses and other

21  charges owing in respect of, such amounts (including, without limitation, any attorneys',

22  accountants', financial advisors' and other fees, costs and expenses that are chargeable or

23  reimbursable under the Term Loan Documents), and any obligations in respect of letters of credit

24  or indemnity claims, in each case whether contingent or otherwise.

25      6.      Interest, Fees, Costs and Expenses.  The Postpetition Obligations shall bear interest

26  at the rates, and be due and payable (and paid), as set forth in, and in accordance with the terms

27  and conditions of, this Order and the Term Loan Documents, in each case without further notice,

28  motion or application to, order of, or hearing before, this Court.  The Debtor shall pay on demand

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1   all fees, costs, expenses and other charges payable under the terms of the Term Loan Documents,

2   including, without limitation, all fees, costs and expenses described in the Term Loan Agreement,

3   in each case whether or not the Term Loan Agreement and transactions contemplated therein are

4   consummated.  All such fees, costs and expenses (if any) incurred through and including the

5   Closing Date (as defined in the Term Loan Agreement) shall be paid on the Closing Date, and

6   none of such fees, costs and expenses shall be subject to Court approval or U.S. Trustee

7   guidelines, and no recipient of any such payment shall be required to file with respect thereto any

8   interim or final fee application with this Court.  With respect to all such fees, costs, and expenses

9   incurred after the Closing Date, the Term Lender shall submit summaries of its professional fee

10  invoices to the Debtor, the U.S. Trustee, and counsel for the Committee.  Such summary invoices

11  may be redacted to the extent necessary to delete any information subject to the attorney-client

12  privilege, any information constituting attorney work product, or any other confidential

13  information, and the provision of such summaries shall not constitute any waiver of the attorney-

14  client privilege or of any benefits of the attorney work product doctrine.  The U.S. Trustee and the

15  Committee may object to the reasonableness of the fees, costs, and expenses included in any

16  professional fee summary invoice submitted by the Term Lender; provided that, (i) any portion of

17  any such summary invoice that is not the subject of any objection shall be paid immediately, and

18  (ii) any objection shall be forever waived and barred unless (A) it is filed with this Court and

19  served on counsel to the Term Lender no later than ten (10) days after the objecting party's receipt

20  of the applicable professional fee summary invoice, and (B) it describes with particularity the

21  items or categories of fees, costs, and expenses that are the subject of the objection and provides

22  the specific basis for the objection to each such item or category of fees, costs, and expenses.  Any

23  hearing on an objection to payment of any fees, costs, and expenses of the Term Lender set forth

24  in a professional fee summary invoice shall be limited to the reasonableness or necessity of the

25  particular items of categories of the fees, costs and expenses which are the subject of such

26  objection.  The Debtor shall indemnify the Term Lender (and other applicable parties) to the

27  extent set forth in the Term Loan Documents.  All such unpaid fees, costs, expenses, and charges

28  that have not been disallowed by this Court on the basis of an objection filed by the U.S. Trustee

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    or the Committee in accordance with the terms hereof shall constitute Postpetition Obligations and

2    shall be secured by the Postpetition Collateral as specified in this Order.

3          7.    <u>Budget</u>.  The Budget attached hereto as <u>Exhibit A</u> is a 9-week budget, which

4    reflects on a line-item basis the Debtor's anticipated cumulative cash receipts, and expenditures on

5    a weekly basis and all necessary and required cumulative expenses which the Debtor expects to

6    incur during each week of the Budget, is approved.  The Budget may be modified or supplemented

7    from time to time by additional budgets (covering any time period covered by a prior budget or

8    covering additional time periods) prepared by the Debtor, in each case without further notice,

9    motion or application to, order of, or hearing before, this Court (except as required by paragraph 3

10   above).  The Debtor may exceed the disbursements forecasted in the Budget by up to 20% on a

11   line-by-line basis, and may exceed aggregate disbursements forecasted in the Budget by a total of

12   20%, measured on a cumulative weekly basis.  In addition, to the extent any amount in a

13   disbursement category is unused during a particular period, such amount be preserved and

14   available for use in any subsequent period.

15         8.    <u>Postpetition Liens</u>.  Effective only upon Closing of the Term Loan and the payment

16   of the existing State Bank Obligations, as security for the full and timely payment of the

17   Postpetition Obligations, the Term Lender is hereby granted, pursuant to sections 364(c)(2),

18   364(c)(3) and 364(d)(1) of the Bankruptcy Code, valid, binding, enforceable, unavoidable and

19   fully perfected security interests, liens and mortgages (collectively, the "**<u>Postpetition Liens</u>**") in

20   and upon all prepetition and postpetition real and personal, tangible and intangible property and

21   assets of the Debtor of any kind or nature whatsoever, wherever located, whether now existing or

22   hereafter acquired or arising, including, without limitation, all State Bank Prepetition Collateral,

23   cash (including all Cash Collateral wherever held), cash equivalents, bank accounts, accounts,

24   other receivables, chattel paper, contract rights, inventory, instruments, documents, securities

25   (whether or not marketable), equipment, goods, fixtures, real property interests, intellectual

26   property, general intangibles, investment property, supporting obligations, letter of credit rights,

27   one hundred percent (100%) of the capital stock of the Debtor's direct and indirect domestic and

28   foreign subsidiaries, all inter-company notes held by the Debtor, copyrights, trademarks, trade

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  names, licenses, and rights to payment including tax refund claimsand the proceeds, products,

2  offspring, rents and profits of all of the foregoing, including insurance proceeds (all of the

3  foregoing, the "**Postpetition Collateral**"); provided, however, that the Postpetition Collateral shall

4  not include commercial tort claims, actions for preferences fraudulent conveyances, and other

5  avoidance power claims under sections 544, 545, 547, 548, 549 and 550 of the Bankruptcy Code

6  and state law equivalents, (the "**Avoidance Actions**"), other prepetition causes of action, or the

7  proceeds of the foregoing ("**Excluded Asset Proceeds**").  Such Postpetition Liens shall not be

8  released except to the extent that Full Payment (as defined in Term Loan Agreement) of the

9  Postpetition Obligations has occurred in cash and the Term Lender has received a release from the

10  Debtor and its Estate in form and substance reasonably acceptable.  Notwithstanding the

11  foregoing, any Postpetition Lien with respect to any of the Debtor's leasehold rights shall

12  constitute a lien on the proceeds from the sale of such leasehold rights and not a direct lien on the

13  actual leasehold rights.  In addition, the Postpetition Liens are subordinate to the State Bank Liens

14  and the Postpetition Obligations are subordinate to the State Bank Obligations.

15          9.      Other Priority Matters.  Subject to the Carve-Out and the State Bank Liens, the

16  Postpetition Liens: (a) shall, pursuant to section 364(c)(2) of the Bankruptcy Code, constitute first

17  priority security interests in and liens on all Postpetition Collateral that is not otherwise subject to

18  any Prior Lien (defined below); (b) shall, pursuant to section 364(d)(1) of the Bankruptcy Code,

19  be senior to and prime (i) any Prepetition Junior Liens, (ii) the Adequate Protection Junior Liens

20  (the liens described in clauses (i) and (ii) above, collectively, the "**Primed Liens**"); and (c) shall,

21  pursuant to section 364(c)(3) of the Bankruptcy Code, be immediately junior in priority to any and

22  all Prior Liens (other than the Primed Liens) and all State Bank Liens on or in the Postpetition

23  Collateral.  Other than the Carve-Out and the Prior Liens, the Postpetition Liens shall at all times

24  be senior to the following (collectively, the "**Subordinate Liens and Related Rights**"):  (i) the

25  rights of the Debtor and any successor trustee or estate representative in the Chapter 11 Case or

26  any other subsequent proceedings under the Bankruptcy Code, including, without limitation, any

27  Chapter 7 proceeding if any of the Chapter 11 Case are converted to a case under Chapter 7 of the

28  Bankruptcy Code (collectively, the "**Successor Case**"); (ii) any inter-company claim of the Debtor

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    or any domestic or foreign subsidiary or affiliate of the Debtor, and (iii) any security interest or

2    lien which is either (x) avoided or otherwise preserved for the benefit of the Estate under section

3    551 or any other provision of the Bankruptcy Code, or (y) junior or otherwise subordinate to the

4    State Bank Prepetition Liens.  The Postpetition Liens shall be deemed legal, valid, binding,

5    enforceable, and perfected liens, not subject to subordination, impairment or avoidance, for all

6    purposes in the Chapter 11 Case and any Successor Case.  Other than the Carve-Out, the Prior

7    Liens, and the State Bank Liens, no other liens or security interests, whether for adequate

8    protection or otherwise, shall be senior or equal to or *pari passu* with the Postpetition Liens in this

9    Chapter 11 Case or any Successor Case without the express written consent of the Term Lender

10    given in accordance with the Term Loan Agreement (which consent may be withheld in its sole

11    discretion).  As used herein, the terms "**Prior Liens**" or "**Prior Lien**" shall include the State Bank

12    Liens and shall otherwise have the same meaning as used in paragraph D(d) of the State Bank

13    Interim Order and, for avoidance of doubt: (a) any Prior Lien that existed as of the Petition Date

14    that was not primed pursuant to the State Bank Interim Order, such Prior Lien shall not be primed

15    pursuant to this Order; and (b) the Prior Liens shall not include, or be deemed to include, any or all

16    of the Prepetition Junior Liens and/or the Adequate Protection Junior Liens, all of which liens are

17    being primed by the Postpetition Liens as set forth herein.

18        10.    Super-Priority Claim.  In addition to the Postpetition Liens, the Term Lender is

19    hereby granted, for all Postpetition Obligations, an allowed super-priority administrative expense

20    claim pursuant to Section 364(c)(1) of the Bankruptcy Code (the "**Super-Priority Claim**") against

21    the Debtor and its Estate.  Except for the Carve-Out and the super-priority claim granted to State

22    Bank under the State Bank Financing Orders (the "**State Bank Super-Priority Claim**"), the

23    Super-Priority Claim shall have priority over all other costs and expenses of administration of any

24    kind (and no cost or expense of administration shall be senior to, equal to, or *pari passu* with, the

25    Super-Priority Claim), including those specified in, or ordered pursuant to, sections 105, 326, 328,

26    330, 331, 363, 364, 503, 506, 507, 546, 726, 1113 or 1114 or any other provision of the

27    Bankruptcy Code or otherwise.  Notwithstanding the foregoing, the Super-Priority Claim shall not

28    have recourse to Excluded Asset Proceeds.

11.   <u>No Reduction or Impairment</u>.  No obligation or liability owed, or payment, transfer or grant of security, to Term Lender under this Order or any other Term Loan Document shall be stayed, restrained, voidable, impaired, or recoverable under the Bankruptcy Code or under any applicable law (including, without limitation, under section 502(d) or 548 of the Bankruptcy Code or under any applicable state Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act or similar statute or common law), or be subject to any defense, reduction, setoff, recoupment or counterclaim, whether in the Chapter 11 Case or any Successor Case.  The Postpetition Obligations, once paid by the Debtor, shall be non-refundable.

12.   <u>Carve-Out</u>.

(a)   <u>Generally</u>.  Notwithstanding anything to the contrary contained in this Order, the liens and claims granted to the Term Lender in this Order and/or any of the Term Loan Documents shall be subject to the payment of the allowed fees, expenses, and claims (collectively, the "**<u>Carve-Out</u>**"), but only to the extent that there are not sufficient, unencumbered funds in the Estate to pay such amounts and/or from any retainers held by any Retained Professionals (as defined below):

(i)   the claims of (x) professionals of the Debtor whose retention is approved by this Court during the Chapter 11 Case pursuant to Sections 327 and 328 of the Bankruptcy Code (the "**<u>Debtor's Professionals</u>**") for unpaid fees and expenses which were incurred on and after the Petition Date; and (y) professionals of any statutory committees appointed in the Chapter 11 Case whose retention is approved by this Court during the Chapter 11 Case pursuant to Section 1103 of the Bankruptcy Code (the "**<u>Committee's Professionals</u>**" and together with the Debtor's Professionals, the "**<u>Retained Professionals</u>**") for unpaid fees and expenses which were incurred on and after the Petition Date; <u>provided</u> that, in each case, such fees and expenses of the Retained Professionals are ultimately allowed on a final basis by this Court under sections 330 and 331 of the Bankruptcy Code; and

(ii)   unpaid fees payable to the United States Trustee and Clerk of the Bankruptcy Court pursuant to Section 1930 of Title 28 of the United States Code.

(b)   <u>Weekly Advances</u>.  Subject to the terms and conditions of this Order and the Term Loan Documents, the Debtor shall be permitted to (i) make weekly advances of funds to the Committee's Counsel (which funds will be held in Committee's Counsel's trust account) (each such advance with respect to Committee's Counsel, a "**<u>Committee's Counsel Advance</u>**"; each such advance with respect to the Committee's Financial Advisor, a "**<u>Committee's Financial Advisor Advance</u>**") for payment of compensation and reimbursement of reasonable fees and

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  expenses of the Committee's Professionals allowed and payable under sections 327, 328, 330 and

2  331 of the Bankruptcy Code, as the same may be due and payable in accordance with the Budget;

3  and (ii) make weekly advances of funds to Debtor's Counsel (which funds will be held in Debtor's

4  Counsel's trust account) (each such advance with respect to Debtor's Counsel, a "**Debtor's**

5  **Counsel Advance**"; each such advance with respect to the Debtor's Financial Advisor, a

6  "**Debtor's Financial Advisor Advance**") for payment of compensation and reimbursement of

7  reasonable expenses of Debtor's Professionals allowed and payable under sections 327, 328, 330

8  and 331 of the Bankruptcy Code in accordance with the Budget, subject to the following: (A) the

9  aggregate amount of Committee's Counsel Advances in any week will be $30,000 (subject to

10  adjustment for any prior weeks in which the Committee's Counsel Advance was not made); (B)

11  the aggregate amount of Committee's Financial Advisor Advance in any week will be $30,000

12  (subject to adjustment for any prior weeks in which the Committee's Financial Advisor Advance

13  was not made); (C) the aggregate amount of Debtor's Counsel Advances in any week will be

14  $35,000; and (D) the aggregate amount of Debtor's Financial Advisor Advances in any week will

15  be $35,000.

16          (c)    Reservation of Rights.  Payment of any fees and expenses of the Retained

17  Professionals pursuant to the Carve-Out shall not, and shall not be deemed to, (i) reduce the

18  Debtor's obligations owed to the Term Lender or (ii) modify, alter, or otherwise affect any of the

19  liens and security interests of the Term Lender in the Postpetition Collateral (or its claims against

20  the Debtor).  The Term Lender shall not be responsible for the direct payment or reimbursement of

21  any fees or disbursements of any Retained Professionals (or of any other Person) incurred in

22  connection with the Chapter 11 Case or any Successor Case, and nothing in this Order or

23  otherwise shall be construed to obligate such parties in any way to pay compensation to or to

24  reimburse expenses of any Retained Professional or any other Person, or to ensure that the Debtor

25  has sufficient funds to pay such compensation or reimbursement.  Nothing herein shall impair, or

26  be construed to impair, the ability of any party to object to any of the fees, expenses,

27  reimbursement or compensation of the Retained Professionals.

28          13.    Adequate Protection Junior Obligations.  Effective only upon Closing of the Term

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1   Loan and the payment of the existing State Bank Obligations, to the extent that the Prepetition

2   Second Lien Agent has a valid claim for diminution in the value, if any, of the Prepetition Second

3   Lien Agent's and Prepetition Second Lien Lenders' interests in the Comvest Collateral from and

4   after the Petition Date (the amount of such diminution, the "**Adequate Protection Junior**

5   **Obligations**"), and subject to the rights of any party in interest (including, without limitation, the

6   Debtor) to challenge the extent, validity, and priority of the Prepetition Second Lien Agent's and

7   Prepetition Second Lien Lenders' and/or claims against the Debtor and/or the Prepetition Junior

8   Liens, the Prepetition Second Lien Agent and Prepetition Second Lien Lenders are hereby granted

9   the following:

10          (a)    Replacement Liens.  Subject to the foregoing requirements set forth in this

11  paragraph 13, pursuant to sections 361(2), 362, 363(c)(2), and 363(e) of the Bankruptcy Code, the

12  Prepetition Second Lien Agent, for its benefit and the benefit of the Prepetition Second Lien

13  Lenders, is hereby granted by the Debtor continuing valid, binding, enforceable and perfected,

14  liens and security interests in and on all of the Postpetition Collateral (the "**Adequate Protection**

15  **Junior Liens**").  The Adequate Protection Junior Liens shall be subordinate to: (A) the Carve-Out,

16  (B) the Postpetition Liens, (C) the State Bank Liens, and (D) the Prior Liens.  The Adequate

17  Protection Junior Liens shall be deemed legal, valid, binding, enforceable, and perfected liens, not

18  subject to subordination, impairment or avoidance, for all purposes in the Chapter 11 Case and any

19  Successor Case.  Except as described herein, no other liens or security interests, whether for

20  adequate protection or otherwise, shall be senior or equal to or *pari passu* with the Adequate

21  Protection Junior Liens in the Chapter 11 Case or any Successor Case without the prior written

22  consent of Comvest.

23          (b)    Adequate Protection Junior Claim.  Subject to the foregoing requirements

24  set forth in this paragraph 13, pursuant to section 507(b) of the Bankruptcy Code, the Prepetition

25  Second Lien Agent and the Prepetition Second Lien Lenders shall have an allowed super-priority

26  administrative expense claim (the "**Adequate Protection Junior Claim**") against the Debtor and

27  its Estate.  Until further order of the Court, the Adequate Protection Junior Claim shall be

28  subordinate to the State Bank Super-Priority Claim, with any issues or matters relating to any

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1   further subordination to be addressed at a further hearing and subject to further order of the Court.

2   Subject to Final Order, except as described herein, no cost or expense of administration under any

3   provision of the Bankruptcy Code (whether incurred in these Chapter 11 Case or any Successor

4   Case, whether for adequate protection, the lack of, or failure to provide, adequate protection, or

5   otherwise), shall be senior to, equal to, or *pari passu* with, the Adequate Protection Junior Claim.

6       14.     <u>Waivers</u>.  Except for the Carve-Out, the State Bank Liens, the State Bank Super-

7   Priority Claim, and Prior Liens, no claim or lien having a priority superior to or *pari passu* with

8   those granted pursuant to this Order to the Term Lender, shall be granted or allowed while any

9   portion of the Term Loan (or any refinancing thereof) or the Postpetition Obligations remain

10  outstanding.  Notwithstanding anything to the contrary in this Order or any of the Term Loan

11  Documents, except upon further order of this Court, the Debtor and the Estate retain, and do not

12  waive, any and all rights under sections 105, 506(c), or 552 of the Bankruptcy Code, or otherwise,

13  against the Term Lender.

14      15.     <u>Automatic Perfection</u>.

15          (a)     The Postpetition Liens and the Adequate Protection Junior Liens (subject to

16  the provisions of paragraph 13 of this Order) shall not be subject to challenge and, immediately

17  upon becoming effective as set forth in this Order, shall attach and become valid, perfected,

18  enforceable, non-avoidable and effective by operation of law as of the Petition Date without any

19  further notice, act or action of or by any Person or entity, and without the necessity of execution

20  by the Debtor, or the filing or recordation, of any financing statements, security agreements,

21  vehicle lien applications, mortgages, filings with the U.S. Patent and Trademark Office, or other

22  documents.  If the Term Lender hereafter requests that the Debtor execute and deliver to it any

23  financing statements, security agreements, collateral assignments, mortgages, or other instruments

24  and documents considered by such party to be reasonably necessary or desirable to further

25  evidence the perfection of the liens and security interests provided under this Order, then the

26  Debtor is hereby authorized and directed, at its sole cost and expense, to promptly execute and

27  deliver such financing statements, security agreements, mortgages, collateral assignments,

28  instruments, and documents, and the Term Lender is hereby authorized to file or record such

1   documents in their respective discretion, in which event all such documents shall be deemed to

2   have been filed or recorded at the time and on the date of entry of this Order, but with the

3   priorities as set forth herein.  The Term Lender may (in its sole discretion), but shall not be

4   required to, file a certified copy of this Order in any filing or recording office in any state, county

5   or other jurisdiction in which the Debtor has real or personal property and such filing or recording

6   shall be accepted and shall constitute sufficient evidence of perfection of such party's interests in

7   the Postpetition Collateral at the time and on the date of entry of this Order, but with the priorities

8   as set forth herein.

9         (b)    To the extent that any applicable non-bankruptcy law would otherwise

10   restrict the grant, scope, enforceability, attachment or perfection of the security interests and liens

11   authorized or created under or in connection with this Order or the Term Loan Documents, or

12   otherwise would impose filing or registration requirements or fees and charges with respect

13   thereto, such law is hereby pre-empted to the maximum extent permitted by the United States

14   Constitution, the Bankruptcy Code, applicable federal law, and the judicial power of the United

15   States Bankruptcy Court; _provided_ that the Term Lender may still take such steps as it wishes to

16   perfect its respective security interests and liens under otherwise applicable state law without

17   waiving the benefits of this provision of this Order.

18       16.   Default Under Other Documents.

19         (a)    The Term Lender shall have all rights and remedies with respect to the

20   Debtor and any other rights, remedies, benefits and privileges as are set forth in this Order and the

21   Term Loan Documents (as applicable).  Except as otherwise expressly provided herein, no

22   provision contained in any prepetition or postpetition agreement to which the Debtor is a party, or

23   under which the Debtor is obligated or bound, that restricts, conditions, prohibits, limits or impairs

24   in any way the Debtor from (i) granting the Term Lender the postpetition security interests or liens

25   upon any of its assets (subject to the limitations with respect to the Debtor's leasehold interest set

26   forth in paragraph 8 above), or (ii) otherwise entering into and complying with all of the terms,

27   conditions and provisions of this Order and the Term Loan Documents, shall be enforceable

28   against the Debtor.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

(b)     Notwithstanding anything contained herein to the contrary, and without limiting any other rights or remedies of the Term Lender contained in this Order or the Term Loan Documents, or otherwise available at law or in equity, the rights of the Term Lender to enter onto the Debtor's leased premises shall be limited to (i) any such rights agreed to in writing by the applicable landlord pursuant to any separate agreement by and between such landlord and the Term Lender, if any, (ii) any rights that the Term Lender has under applicable non-bankruptcy law, if any, and (iii) such rights as may be granted by the Court on a separate motion with notice to the applicable landlords of the leased premises and an opportunity for such landlords to respond and be heard.

17.     <u>Successors and Assigns</u>.  The provisions of this Order and the Term Loan Documents shall, as applicable, be binding upon and inure to the benefit of the Term Lender, the Prepetition Second Lien Agent, the Prepetition Second Lien Lenders, State Bank, and the Debtor and its Estate, and their respective successors and assigns, including, without limitation, any trustee or other fiduciary hereafter appointed as a legal representative of the Debtor or its Estate, whether in this Chapter 11 Case or any Successor Case.

18.     <u>Survival</u>.  The provisions of this Order and any actions taken pursuant thereto: (a) shall survive the entry of any order: (i) converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code; or (ii) dismissing or closing the Chapter 11 Case; and (b) shall continue in full force and effect notwithstanding the entry of any such order.

19.     <u>Section 364(e); Effect of Modification or Appeal</u>.  Based on the findings set forth in this Order and on the record of the Interim Hearing, in consideration for the financing provided under Term Loan, the Term Lender is entitled to, and hereby is granted, the full rights, benefits, privileges and protections of, and provided by, section 364(e) of the Bankruptcy Code with respect to the Postpetition Obligations (and related liens, claims, rights, remedies and benefits) created or authorized by this Order in the event that this Order or any authorization or approval contained herein is subsequently stayed, vacated, reversed, amended or modified on appeal.  Any subsequent stay, modification, reversal, amendment or vacation of this Order shall not alter, modify or affect the validity, priority, perfection or enforceability of any claim, lien, or security interest of the

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  Term Lender authorized, created or granted pursuant to this Order and outstanding immediately

2  prior to the actual receipt of written notice by the Term Lender of the effective date of such stay,

3  modification, reversal, amendment or vacation.  Notwithstanding any such stay, modification,

4  reversal, amendment or vacation, all obligations and other financial accommodations made

5  pursuant to this Order, all Postpetition Obligations incurred and uses of Cash Collateral permitted

6  by the Debtor pursuant hereto prior to the actual receipt of written notice by the Term Lender of

7  the effective date of such stay, modification, reversal, amendment or vacation, shall be governed

8  in all respects by the original provisions of this Order and the Term Lender shall be entitled to all

9  of the rights, privileges, remedies, protections and benefits contained or granted in section 364(e)

10  of the Bankruptcy Code, the Term Loan Documents and this Order (as applicable), including,

11  without limitation, the Postpetition Liens and Super-Priority Claims.

12      20.    Modification of Automatic Stay; Other Remedies.

13      (a)    Subject to sub-paragraph (c) below, the automatic stay pursuant to section

14  362 of the Bankruptcy Code is hereby lifted and vacated as to the Term Lender to the extent

15  necessary to permit it to perform in accordance with, provide any notice under, and exercise, enjoy

16  and enforce its rights, benefits, privileges and remedies pursuant to this Order and the other Term

17  Loan Documents, in each case without further notice, motion or application to, order of, or hearing

18  before, this Court.  Subject to sub-paragraph (c) below, regardless of any change in circumstances

19  (whether or not foreseeable), neither section 105 of the Bankruptcy Code nor any other provision

20  of the Bankruptcy Code or applicable law shall be utilized to prohibit the Term Lender's exercise,

21  enjoyment and enforcement of any of such rights, benefits, privileges and remedies as and to the

22  extent provided in this Order.

23      (b)    Subject to sub-paragraph (c) below, the Term Lender is hereby authorized

24  and granted leave from the automatic stay under section 362 of the Bankruptcy Code to do the

25  following on and after the occurrence and continuation of an Event of Default under the Term

26  Loan Agreement, in each case without further notice, motion or application to, order of, or hearing

27  before, this Court:

28      (i)    terminate any obligation of Term Lender to make loans or other

1  extensions of credit under the Term Loan Documents or this Order; and

2              (ii)    declare all Postpetition Obligations immediately due and payable in

3  full in cash.

4       (c)    On and after the occurrence and continuation of an Event of Default under

the Term Loan Agreement, and after obtaining Court approval upon notice and hearing, the Term

5  Lender shall be entitled to foreclose or otherwise enforce its respective liens on any or all of the

6  Postpetition Collateral and/or to exercise any other default-related rights and remedies under the

7  Term Loan Documents, this Order, and applicable law to the extent not already permitted pursuant

8  to sub-paragraph (b) above.  The parties shall use their best efforts to schedule and attend an

9  expedited Court hearing within three (3) business days of notice of the Event of Default being

10 given to the Debtor and its counsel, the U.S. Trustee, counsel for the Committee, counsel for State

11 Bank, counsel for Comvest, counsel for Centennial Real Estate Company, LLC, Passco

12 Companies, LLC, Starwood Retail Partners LLC, The Macerich Company, Vintage Real Estate,

13 LLC, and Westfield, LLC, and counsel for landlords affiliated with GGP Limited Partnership and

14 The Taubman Company.

15      21.    No Waiver of Rights.

16      (a)    Generally.  Without limiting the terms and conditions of paragraphs 8

17 through 11, and 13 none of the Term Lender, State Bank, Prepetition Second Lien Agent, or

18 Prepetition Second Lien Lenders waives, and each expressly reserves, any and all claims, causes

19 of action, defenses, rights and remedies it has or may have pursuant to any or all of the Term Loan

20 Documents, the Prepetition State Bank Prepetition Loan Documents, the State Bank DIP Loan

21 Documents, the Prepetition Second Lien Loan Documents, any inter-creditor or subordination

22 agreement, the Bankruptcy Code and/or under applicable law against or with respect to the Debtor

23 and any other Person or entity.

24      (b)    Relative Priorities.  Pursuant to section 510 of the Bankruptcy Code, any

25 inter-creditor or subordination agreement between and/or among the Prepetition Junior Lender, the

26 Debtor, State Bank, and any other non-Debtor party thereto, and any other applicable inter-creditor

27 or subordination provisions contained in any credit agreement, security agreement, indenture or

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  related document, remain in full force and effect and are not amended, altered or modified by the

2  terms of this Order or the Term Loan Documents.

3         (c)     Additional Rights Preserved.  Without limiting the generality of this

4  paragraph 21, the Term Lender, State Bank, Prepetition Second Lien Agent, and Prepetition

5  Second Lien Lenders may, as applicable, petition this Court for any such additional protection

6  they may reasonably require with respect to the State Bank Obligations, the Prepetition Second

7  Lien Obligations, the Postpetition Obligations, or otherwise, including, without limitation, their

8  rights to request additional adequate protection of their interests in the Comvest Collateral and/or

9  the Postpetition Collateral, as applicable.  Except as otherwise set forth herein, entry of this Order

10  shall not in any way constitute agreement, consent, or acquiescence by the Term Lender, State

11  Bank, Prepetition Second Lien Agent, or Prepetition Second Lien Lenders to the terms of any plan

12  of reorganization filed in the Chapter 11 Case.

13         22.     No Liability to Third Parties.  In making decisions to advance loans to the Debtor,

14  in administering any loans, in permitting the Debtor to use Cash Collateral, in approving any

15  budget or in taking any actions permitted by this Order or the Term Loan Documents, as

16  applicable, the Term Lender shall not (i) be deemed to be in control of the operations of the

17  Debtor or to be acting as a "controlling person," "responsible person" or "owner or operator" with

18  respect to the operation or management of the Debtor, and/or (ii) owe any fiduciary duty to the

19  Debtor, its creditors or its Estate, and its relationship with the Debtor shall not constitute or be

20  deemed to constitute a joint venture or partnership with the Debtor.

21         23.     Payments Held in Trust.  Except as expressly permitted in this Order or the Term

22  Loan Documents, in the event that any person or entity other than State Bank receives any

23  payment on account of a security interest in Collateral, receives any Collateral or any proceeds of

24  Collateral or receives any other payment with respect thereto from any source prior to the

25  indefeasible payment in full in cash of all Postpetition Obligations, and termination of the Term

26  Loan in accordance with the Term Loan Documents, such person or entity shall be deemed to have

27  received, and shall hold, any such payment or proceeds of Collateral in trust for the benefit of the

28  Term Lender and shall immediately turn over such proceeds to the Term Lender for application to

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    the Postpetition Obligations, or as otherwise instructed by the Court, for application in accordance

2    with the Term Loan Documents and this Order.

3        24.    Additional Defaults. In addition and without limitation of the Events of Default set

4    forth in and defined in the Term Loan Documents, this Order, or any Final Order, it shall be a

5    default hereunder (and constitute an "Event of Default" under the Term Loan Agreement and this

6    Order) if (a) a sale of substantially all assets is proposed by the Debtor without the written consent

7    of the Term Lender that would not indefeasibly pay the Postpetition Obligations and State Bank

8    Obligations in full in cash, (b) any other motion is filed by the Debtor for any relief directly or

9    indirectly affecting the Postpetition Collateral in a material manner unless all Postpetition

10   Obligations and State Bank Obligations have been indefeasibly paid in final, in full, in cash, and

11   completely satisfied upon consummation of the transaction contemplated thereby and such motion

12   is otherwise approved of in writing by the Term Lender, (c) the Debtor fails to comply with any of

13   the terms of this Order, or (d) at the option of the Term Lender in its sole discretion, the

14   occurrence of any Event of Default under the Term Loan Agreement.  Any order for dismissal or

15   conversion shall be automatically deemed to preserve the rights of the Term Lender under this

16   Order.  No order providing for the sale of substantially all of the assets of the Debtor under section

17   363 of the Bankruptcy Code shall be entered by the Court unless, upon the closing of such

18   transaction, all liens securing the Postpetition Obligations, State Bank Obligations, and Prepetition

19   Second Lien Obligations (to the extent that such liens securing the Prepetition Second Lien

20   Obligations are valid, perfected, enforceable, and unavoidable) (in their respective priority) are

21   transferred to the proceeds of such sale; provided, however, that nothing contained in this

22   paragraph 24, shall grant the Prepetition Second Lien Agent or any Prepetition Second Lien

23   Lender any greater rights than any of them have under the Prepetition Intercreditor Agreement.  If

24   an order dismissing any of these Chapter 11 Case under section 305 or 1112 of the Bankruptcy

25   Code or otherwise is at any time entered, (i) the claims, security interests, liens and claims granted

26   to or for the benefit of the Term Lender and Prepetition Second Lien Agent pursuant to this Order

27   shall continue in full force and effect and shall maintain their priorities as provided in this Order,

28   as applicable, until all Postpetition Obligations and Prepetition Second Lien Obligations (to the

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    extent that the liens securing the Prepetition Second Lien Obligations are valid, perfected,

2    enforceable, and unavoidable) shall have been paid and satisfied in full (and that such claims and

3    liens, shall, notwithstanding such dismissal, remain binding on all parties in interest) and (ii) this

4    Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing such

5    claims and liens.

6        25.    <u>Proofs of Claim</u>.  The Term Lender will not be required to file a proof of claim or

7    request for approval of administrative expenses in any of the Chapter 11 Case or any Successor

8    Case, and the provisions of this Order relating to the amount of the Postpetition Obligations shall

9    constitute a timely filed proof of claim and/or administrative expense request in the Chapter 11

10   Case.

11       26.    <u>Critical Vendors</u>.  To the extent that critical vendor status is conferred upon any

12   entity in this Chapter 11 Case, whether by motion filed by the Debtor or otherwise, such entity's

13   claims shall be deemed to be subordinate to the Postpetition Obligations, the Prepetition Second

14   Lien Obligations, the State Bank Obligations, and the Adequate Protection Junior Obligations

15   regardless of whether such entity executes a subordination agreement in favor of the Postpetition

16   Lender, State Bank, Prepetition Second Lien Agent, or Prepetition Second Lien Lenders.

17       27.    <u>Subordination to State Bank; Continued Enforceability of State Bank Financing</u>

18   <u>Orders</u>.  Notwithstanding anything to the contrary elsewhere in this Order, (a) each of the State Bank

19   Financing Orders shall continue to be in full force and effect, (b) the Postpetition Obligations shall

20   be subordinate to the State Bank Obligations, including, without limitation any indemnification

21   claims and claims for expense reimbursement (if any) to which State Bank is entitled under the State

22   Bank Financing Orders, the State Bank Prepetition Loan Documents, or the State Bank DIP Loan

23   Documents, (c) the Super-Priority Claim and the Postpetition Liens shall be subordinate to the State

24   Bank Liens and the State Bank Super-Priority Claim until such time as Full Payment (as defined in

25   the State Bank DIP Agreement) has occurred with respect to the State Bank Obligations, the

26   Complaint Filing Deadline (as defined in the State Bank Financing Orders) has expired, and all

27   complaints and any other claims asserted against State Bank in connection with the Debtor, the State

28   Bank Prepetition Loan Documents, and/or the State Bank DIP Loan Documents have been resolved

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1   by a final order issued by the Court or another court of competent jurisdiction.

2        28.   <u>Final Hearing; Procedure for Objections to and Entry of Final Order</u>.  The Motion

3   is set for a Final Hearing before this Court at 11:00 A.M. Pacific time on February 6, 2018, at

4   which time any party in interest may present any timely filed objections to the entry of the Final

5   Order, which order shall be in form and substance acceptable to the Term Lender in its sole

6   discretion.  The Debtor may file and serve on the Notice Parties any further papers in support of

7   the Motion and entry of a Final Order no later than January 22, 2018 (the "**Supplemental**

8   **Papers**").  Any objection, opposition, or other response to any such Supplemental Papers or to the

9   entry of a Final Order shall be filed and served on the Debtor's counsel and the U.S. Trustee so

10  that they are received no later than February 1, 2018 (the "**Objection Deadline**").  The Debtor

11  may file and serve any reply papers so that they are received no later than February 5, 2018, at

12  12:00 P.M. (PST).  The Debtor shall, in accordance with the Bankruptcy Code, Bankruptcy Rules

13  and Local Bankruptcy Rules of this Court, promptly serve a notice of the Final Hearing, the

14  Objection Deadline, and entry of this Order, together with a copy of this Order, by electronic mail,

15  facsimile, hand delivery, or overnight delivery to the Notice Parties.  Any objections by creditors

16  or other parties-in-interest to any of the provisions of the Final Order shall be deemed forever

17  waived and barred unless timely filed and served in accordance with this paragraph.

18                                     ###

19

20

21

22

23

24

25

26

27

28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**EXHIBIT A**

**Shiekh Shoes, LLC**
**9-Week Cash Flow Budget**
**Date: Through Period Ending 2/27/2018**

| | Fcst 1 | Fcst 2 | Fcst 3 | Fcst 4 | Fcst 5 | Fcst 6 | Fcst 7 | Fcst 8 | Fcst 9 Partial | Total 9-Week Forecast Period |
|---|---|---|---|---|---|---|---|---|---|---|
| Week Ending: | 1/5/18 | 1/12/18 [1] | 1/19/18 | 1/26/18 | 2/2/18 | 2/9/18 | 2/16/18 | 2/23/18 | 2/27/18 [1] | |
| **Operating Activity** | | | | | | | | | | |
| Receipts | $ 3,067,023 | $ 1,782,119 | $ 1,733,850 | $ 2,473,151 | $ 2,616,518 | $ 2,909,789 | $ 3,090,899 | $ 4,158,446 | $ 3,725,743 | $ 25,557,538 |
| Operating Disbursements | (3,875,140) | (1,332,081) | (1,608,269) | (1,525,367) | (6,686,711) | (415,289) | (4,479,206) | (531,967) | (2,330,752) | (22,784,782) |
| Total Operating Cash Flow | (808,117) | 450,038 | 125,581 | 947,784 | (4,070,193) | 2,494,500 | (1,388,306) | 3,626,478 | 1,394,991 | 2,772,756 |
| | | | | | | | | | | |
| **Investing Activity** | | | | | | | | | | |
| Leasehold Improvement ("LI") | - | (7,248) | (7,542) | (7,061) | - | (7,316) | (6,970) | (7,984) | (8,412) | (52,531) |
| Total Investing Activity | - | (7,248) | (7,542) | (7,061) | - | (7,316) | (6,970) | (7,984) | (8,412) | (52,531) |
| | | | | | | | | | | |
| **Bankruptcy Activity** | | | | | | | | | | |
| Store Closing Expenses | (36,708) | (245,852) | (61,180) | - | - | - | - | - | - | (343,740) |
| Key Employee Incentive Plan | - | - | - | - | - | (136,530) | - | - | - | (136,530) |
| Fees and Interest | (101,664) | - | - | - | (48,641) | - | - | - | - | (150,305) |
| Professional Fees: | | | | | | | | | | |
| Debtor - Legal | (35,000) | (35,000) | (35,000) | (35,000) | (35,000) | (35,000) | (35,000) | (35,000) | (35,000) | (315,000) |
| Debtor - Financial Advisory | (35,000) | (35,000) | (35,000) | (35,000) | (35,000) | (35,000) | (35,000) | (35,000) | (35,000) | (315,000) |
| UCC - Legal & Financial Advisory | - | (20,000) | (60,000) | (60,000) | (96,000) | (96,000) | (96,000) | (96,000) | (96,000) | (620,000) |
| Total Bankruptcy Activity | (208,372) | (335,852) | (191,180) | (130,000) | (214,641) | (302,530) | (166,000) | (166,000) | (166,000) | (1,880,575) |
| | | | | | | | | | | |
| **Net Cash Flow (before Financing Activity)** | (1,016,490) | 106,939 | (73,141) | 810,723 | (4,284,834) | 2,184,654 | (1,561,276) | 3,452,495 | 1,220,579 | 839,650 |
| | | | | | | | | | | |
| **Financing Activity, Availability and Liquidity** | | | | | | | | | | |
| Beginning Senior Debt Balance (first lien) | 4,725,549 | 5,973,426 | 5,000,000 | 5,000,000 | 5,000,000 | 15,000,000 | 15,000,000 | 15,000,000 | 15,000,000 | 4,725,549 |
| Plus: Borrowings | 1,247,877 | 5,000,000 | - | - | 10,000,000 | - | - | - | - | 16,247,877 |
| Less: Repayments | - | (5,973,426) | - | - | - | - | - | - | - | (5,973,426) |
| Ending Senior Debt Balance (first lien) | 5,973,426 | 5,000,000 | 5,000,000 | 5,000,000 | 15,000,000 | 15,000,000 | 15,000,000 | 15,000,000 | 15,000,000 | 15,000,000 |
| Availability | 5,241,012 | - | - | - | - | - | - | - | - | - |
| Plus: Cash Balance (excluding restricted) | 2,000,000 | 1,133,513 | 1,060,372 | 1,871,096 | 7,586,262 | 9,770,916 | 8,209,640 | 11,662,135 | 12,882,714 | 12,882,714 |
| **Total Liquidity** | $ 7,241,012 | $ 1,133,513 | $ 1,060,372 | $ 1,871,096 | $ 7,586,262 | $ 9,770,916 | $ 8,209,640 | $ 11,662,135 | $ 12,882,714 | $ 12,882,714 |

[1] The DIP is a 90-day credit facility that commenced November 29, 2017 and terminates on February 27, 2018. For the purposes of this updated budget, the DIP is assumed to be paid off in-full by the week ending January 12, 2018 and replaced with two new senior (first lien) term loans of $5.0 million in the week ending January 12, 2018 and an additional $10.0 million in the week ending February 2, 2018.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
333 South Hope Street, 35th Floor, Los Angeles, California 90071

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 10, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Dustin P Branch on behalf of Creditors Centennial Real Estate Company/Passco Companies, LLC/Starwood Retail Partners LLC /The Macerich Company /Vintage Real Estate, LLC/Westfield, LLC - branchd@ballardspahr.com, carolod@ballardspahr.com; hubenb@ballardspahr.com; Pollack@ballardspahr.com
- Gregg M Ficks on behalf of Creditor 1777 S. Vintage Avenue Investors LLC - gficks@coblentzlaw.com
- Scott F Gautier on behalf of Creditors Comvest Capital II, L.P./Comvest Partners II, L.P. - sgautier@robinskaplan.com
- Ronald E Gold on behalf of Creditor Washington Prime Group Inc. - rgold@fbtlaw.com, joguinn@fbtlaw.com
- Asa S Hami on behalf of Debtor Shiekh Shoes, LLC - ahami@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com; agonzalez@ecf.inforuptcy.com; ahami@ecf.inforuptcy.com
- Brian D Huben on behalf of Creditors Centennial Real Estate Company/Starwood Retail Partners LLC/The Macerich Company/Westfield, LLC - hubenb@ballardspahr.com; carolod@ballardspahr.com
- William W Huckins on behalf of Creditors GGP Limited Partnership/Taubman Landlords - whuckins@allenmatkins.com, clynch@allenmatkins.com
- Ivan L Kallick on behalf of Interested Party Manatt, Phelps & Phillips, LLP - ikallick@manatt.com, ihernandez@manatt.com
- Dimitri G Karcazes on behalf of Creditor Comvest Capital II, L.P. - dimitri.karcazes@goldbergkohn.com
- David S Kupetz on behalf of Debtor Shiekh Shoes, LLC - dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com; dperez@ecf.inforuptcy.com; dkupetz@ecf.inforuptcy.com
- David B Kurzweil on behalf of Creditor State Bank and Trust Company - kurzweild@gtlaw.com, brattons@gtlaw.com; dyerj@gtlaw.com; perkinsd@gtlaw.com
- Daniel A Lev on behalf of Interested Party Courtesy NEF - dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com; dlev@ecf.inforuptcy.com; dwalker@sulmeyerlaw.com
- Kevin Meek on behalf of Creditor Comvest Capital II, L.P. - kmeek@robinskaplan.com, kevinmeek32@gmail.com; kmeek@ecf.inforuptcy.com
- Angela Z Miller on behalf of Creditor New Era Cap Co., Inc. - amiller@phillipslytle.com, styrone@phillipslytle.com
- Ali M Mojdehi on behalf of Creditor Committee The Official Committee of Unsecured Creditors of Shiekh Shoes, LLC - amojdehi@cooley.com, jgertz@cooley.com;bbyun@cooley.com;arego@cooley.com
- Kelly L Morrison on behalf of United States Trustee (LA) - kelly.l.morrison@usdoj.gov
- Ernie Zachary Park on behalf of Creditor The Irvine Company - ernie.park@bewleylaw.com
- Kristen N Pate on behalf of Creditor GGP Limited Partnership - ggpbk@ggp.com
- Dean G Rallis, Jr on behalf of Interested Parties CAPREF Burbank LLC and CAPRF Lloyd II LLC - drallis@afrct.com, msinclair@afrct.com; AFRCTECF@afrct.com;mpham@afrct.com
- D Sarver on behalf of Creditor 3829 Broadway LLC - ADS@asarverlaw.com
- Howard Steinberg on behalf of Creditor State Bank and Trust Company - steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com; epaulsen@foxrothschild.com
- Michael A Sweet on behalf of Interested Party Fictitious Party - msweet@foxrothschild.com, pchlum@foxrothschild.com; epaulsen@foxrothschild.com
- Wayne R Terry on behalf of Creditor Gordon Brothers Retail Partners, LLC - wterry@hemar-rousso.com
- Ronald M Tucker, Esq on behalf of Creditor Simon Property Group Inc - rtucker@simon.com, cmartin@simon.com; psummers@simon.com; Bankruptcy@simon.com
- United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov
- Steven Werth on behalf of Debtor Shiekh Shoes, LLC - swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com; kmccamey@sulmeyerlaw.com; asokolowski@ecf.inforuptcy.com; swerth@ecf.inforuptcy.com
- Eric R Wilson on behalf of Creditor Rouse Properties, LLC - kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com
- Claire K Wu on behalf of Interested Party Courtesy NEF - ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com; ckwu@ecf.courtdrive.com; ckwu@ecf.inforuptcy.com

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**2.  SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 10, 2018 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Vincent P. Zurzolo – VIA PERSONAL DELIVERY
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street
Los Angeles, CA 90012 – at Bin outside of Suite 1360

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 10, 2018 | Andrea Gonzalez | */s/ Andrea Gonzalez* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.