GREENBERG TRAURIG, LLP
Howard J. Steinberg (SBN 89291)
1840 Century Park East
Suite 1900
Los Angeles, CA 90067
Tel: 310-586-7700
Fax: 310-586-7800
E-Mail: steinbergh@gtlaw.com

David B. Kurzweil (admitted *pro hac vice*)
John J. Dyer (admitted *pro hac vice*)
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, GA 30305
Tel: 678-553-2100
E-Mail: kurzweild@gtlaw.com
E-Mail: dyerj@gtlaw.com

Attorneys for Creditor
State Bank and Trust Company

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case Number: 2:17-bk-24626-VZ |
| SHIEKH SHOES, LLC, | Chapter 11 |
| Debtor. | **LIMITED OBJECTION OF STATE BANK AND TRUST COMPANY TO THE DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS: (1) AUTHORIZING DEBTOR TO OBTAIN SHORT-TERM VENDOR FINANCING FROM NIKE USA, INC., SECURED BY SENIOR LIEN UNDER 11 U.S.C. § 364; (2) AUTHORIZING USE OF CASH COLLATERAL UNDER 11 U.S.C. § 363; (3) SCHEDULING FINAL HEARING ON MOTION; AND (4) GRANTING RELATED RELIEF** |
| | Hearing Date: January 30, 2018<br>Time: 2:00 p.m. (Pacific Time)<br>Place: Courtroom 1368<br>255 East Temple Street<br>Los Angeles, CA 90012 |

ATL 22606098v1

State Bank and Trust Company ("State Bank") hereby submits this limited objection (this "Objection") to the *Emergency Motion for Interim and Final Orders: (1) Authorizing Debtor to Obtain Short-Term Vendor Financing from Nike USA, Inc., Secured by Senior Lien Under 11 U.S.C. § 364; (2) Authorizing Use of Cash Collateral Under 11 U.S.C. § 363; (3) Scheduling Final Hearing on Motion; and (4) Granting Related Relief* [Dkt. No. 369] (the "Nike Financing Motion")[1] of Shiekh Shoes, LLC, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"). In support of this Objection, State Bank respectfully states as follows:

**Objection**

1. The Debtor has continuing contractual obligations to State Bank (the "State Bank Continuing Obligations").[2] These State Bank Continuing Obligations arise in both the State Bank Prepetition Loan Agreement and the State Bank DIP Agreement[3] and include, without limitation, indemnification and expense reimbursement obligations. The exact amount of the State Bank Continuing Obligations cannot be determined until, at the earliest, the Complaint Filing Deadline (as defined in the State Bank Financing Order)[4] has expired and any claim, complaint, or adversary proceeding arising against State Bank has been resolved.[5]

---

[1] All capitalized terms not otherwise defined herein shall have the meaning set forth in the Nike Financing Motion.

[2] *See* State Bank Prepetition Loan Agreement, at §§ 1.1 (definition of "Obligations"), 2.4, & 11.4; State Bank DIP Agreement (defined below), at §§ 1.1 (definition of "Obligations"), 2.4, & 11.4.

[3] "State Bank DIP Agreement" means that certain *Senior Secured Super Priority Debtor-in-Possession Loan and Security Agreement*, dated as of December 1, 2017 (as amended, restated or otherwise modified from time to time).

[4] "State Bank Financing Order" means, the *Interim Order (I) Authorizing the Debtor to Obtain Postpetition Secured Financing Pursuant to 11 U.S.C. § 364, (II) Authorizing the Debtor's Limited Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (III) Granting Adequate Protection to Prepetition Senior Lender Pursuant to 11 U.S.C. §§ 361, 362, 363 And 364, and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001* [Dkt. No. 74] entered by the Court on December 1, 2017 and made final by the *Order on Debtor's "Motion for Interim and Final Orders: (1) Authorizing Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364; (2) Authorizing the Debtor's Limited Use of Cash Collateral Pursuant to 11 U.S.C. § 363; (3) Granting Adequate Protection to Prepetition Senior Lender Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; (4) Scheduling Final Hearing Pursuant*

2.      To secure the payment and performance of all obligations owed by the Debtor to State Bank, State Bank continues to have liens, security interests, and super-priority claims on substantially all of the Debtor's assets. These include, without limitation, the Postpetition Liens, the Super-Priority Claim, the Adequate Protection Senior Liens, and the Adequate Protection Senior Claim (collectively, the "State Bank Protections") granted as part of the State Bank Financing Order.[6]

3.      Despite the State Bank Continuing Obligations, the Debtor asserts in the Nike Financing Motion that "the State Bank Debt has been paid with the Term Loan."[7] Based on this assertion, the Debtor seeks approval of the Nike Priming Lien in a manner that would arguably be senior to or *pari passu* with the State Bank Protections. Accordingly, based on the relief that the Debtor seeks, State Bank objects to the Nike Financing Motion on the following grounds:

**A.      The Debtor has Agreed Not to Grant Liens Such as the Nike Priming Lien.**

4.      As part of the State Bank DIP Agreement, the Debtor agreed that it would grant no other liens or claims senior to or *pari passu* with the State Bank Protections until Full Payment (as defined in the State Bank DIP Agreement) has occurred.[8] The agreement by the Debtor which prohibits the granting of any such liens or claims was an essential provision of the terms and conditions relied on by State Bank in extending the State Bank DIP Facility, and

---

*to Bankruptcy Rule 4001; and (5) Granting Related Relief"* [Dkt. No. 332] entered by the Court on January 18, 2018.

[5] *See* State Bank Prepetition Loan Agreement, at §§ 1.1 (definition of "Full Payment"), & 3.2; State Bank DIP Agreement, at §§ 1.1 (definition of "Full Payment"), & 3.2.

[6] *See* State Bank Financing Order, at ¶¶ 9, 11, & 17.

[7] *See* Nike Financing Motion, at 15.

[8] *See* State Bank DIP Agreement, at § 1.6(c) ("Except as set forth herein or in the DIP Order, no other claim having a priority superior or pari passu to that granted to Lender by the DIP Order shall be granted or approved while any Obligations under this Agreement remain outstanding.")

accordingly, the granting of any such liens or claims which are senior or *pari passu* to the State Bank Protections are prohibited by the State Bank DIP Agreement.

**B.     The State Bank Financing Order Prevents the Granting of Liens Such as the Nike Priming Lien.**

5.     The State Bank Financing Order prohibits the granting of any such lien or claim senior to or *pari passu* with the State Bank Protections.[9] Therefore, State Bank objects to the Nike Priming Lien to the extent that it is not expressly subject and subordinate to the State Bank Protections.

**C.     The Debtor has not Paid State Bank in Full and the State Bank Protections Remain in Place.**

6.     As stated above, the State Bank Continuing Obligations are contingent and cannot be paid until such time as they can be determined. The State Bank Financing Order expressly provides that State Bank will not release any of its liens or security interests, including without limitation the State Bank Protections, in the Postpetition Collateral (as defined in the State Bank Financing Order) until all Obligations (as defined in the State Bank DIP Agreement) are satisfied.[10] Therefore, State Bank objects to any assertion or finding that all obligations owed to State Bank were satisfied upon the closing of the Term Loan.

---

[9] *See* State Bank Financing Order, at ¶ 10 ("Other than the Carve-Out and Prior Liens, no other liens or security interests, whether for adequate protection or otherwise, shall be senior or equal to or *pari passu* with the Postpetition Liens in these Chapter 11 Case or any Successor Case without the express written consent of the Postpetition Lender given in accordance with the Postpetition Loan Agreement (which consent may be withheld in its sole discretion).").

[10] *See* State Bank Financing Order, at ¶ 9.

*ATL 22606098v1*

**Conclusion**

For the reasons above, State Bank respectfully (i) requests that the Court deny the Nike Financing Motion to the extent that the Debtor seeks the Nike Priming Lien to be senior to or *pari passu* with the State Bank Protections, and (ii) reserves all rights to object to any provision of any proposed form of interim order provided by the Debtor with respect to the Postpetition Credit.

Respectfully submitted this 30th day of January, 2018.

**GREENBERG TRAURIG, LLP**

By: /s/    *David B. Kurzweil*
    Howard J. Steinberg (SBN 89291)
    1840 Century Park East
    Suite 1900
    Los Angeles, CA 90067
    Tel: 310-586-7700
    Fax: 310-586-7800
    E-Mail: steinbergh@gtlaw.com

    David B. Kurzweil (admitted *pro hac vice*)
    John J. Dyer (admitted *pro hac vice*)
    3333 Piedmont Road, N.E.
    Suite 2500
    Atlanta, GA 30305
    Tel: 678-553-2100
    E-Mail: kurzweild@gtlaw.com
    E-Mail: dyerj@gtlaw.com

    *Attorneys for Creditor*
    *State Bank and Trust Company*