Brian D. Huben (Cal. Bar No. 134354)
Dustin P. Branch (Cal. Bar No. 174909)
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400
Facsimile: 424.204.4350
E-mail: hubenb@ballardspahr.com
E-mail: branchd@ballardspahr.com

Attorneys for Landlord Creditors
Centennial Real Estate Company, LLC,
Passco Companies, LLC, Starwood Retail Partners LLC,
The Macerich Company, Vintage Real Estate, LLC, and
Westfield, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| SHIEKH SHOES, LLC, a California limited liability company, | Case No. 2:17-bk-24626-VZ |
| Debtor. | **LIMITED OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO OBTAIN SHORT-TERM VENDOR FINANCING FROM NIKE USA, INC. AND GRANTING RELATED RELIEF** |
| | Date: January 30, 2018<br>Time: 2:00 p.m.<br>Place: Courtroom 1368 |

Centennial Real Estate Company, LLC, Passco Companies, LLC, Starwood Retail Partners LLC, The Macerich Company, Vintage Real Estate, LLC, and Westfield, LLC (collectively, the "Landlords"), hereby file this limited objection (the "Objection") to the Debtor's *Emergency Motion For Interim And Final Orders: (1) Authorizing Debtor To Obtain Short-Term Vendor Financing From Nike USA, Inc., Secured By Senior Lien Under 11 U.S.C. § 364; (2) Authorizing Use Of Cash Collateral Under 11 U.S.C. § 363; (3) Scheduling Final Hearing On*

1

**LIMITED OBJECTION OF VARIOUS LANDLORDS TO NIKE FINANCING MOTION (DOCKET NO. 369)**

*Motion; And (4) Granting Related Relief* (Docket No. 369; the "Nike Financing Motion"),[1] and respectfully submit as follows:

## I. BACKGROUND FACTS

1. Shiekh Shoes, LLC (the "Debtor") filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on November 29, 2017 (the "Petition Date"). The Debtor continues to operate its business and manage its properties as debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[2]

2. The Debtor leases retail space (the "Premises") from the Landlords pursuant to unexpired leases of nonresidential real property (collectively, the "Leases")[3] at the shopping center locations (collectively, the "Centers") identified on the attached Schedule A.

3. Each Lease is a "lease of real property in a shopping center" as that term is used in 11 U.S.C. § 365(b)(3). *See* In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-1087 (3rd Cir. 1990).

4. On January 26, 2018, the Debtor filed the Nike Financing Motion in an effort to maximize sales in the next 30 days. The Landlords recognize the Debtor's liquidity issues, and are agreeable to some short delay in the payment of February 2018 rent, but must receive some adequate protection in exchange. Thus, any order approving Nike financing must: (a) make it clear that there are no liens on the Leases, and, (b) provide some form of adequate protection for the payment of February 2018 rent.

## II. ARGUMENT

**A. There can be no lien on the Leases.**

5. As with the previous orders entered in this case providing the Debtor with post-petition financing, no security interest may be granted on the Leases - - it must be limited to the proceeds of the disposition of the Leases.

6. Provisions restricting a tenant's ability to encumber leases are critical to the Landlords' abilities to control their properties and comply with their own financing and

---

[1] Terms not otherwise defined here shall have the meanings ascribed to them in the Nike Fnancing Motion and accompanying documents.

[2] Unless otherwise specified, all statutory references to a "Section" are to 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

[3] Despite the Debtor assertions, the Landlords do not agree that all Leases have been assigned to the Debtor.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

2

**LIMITED OBJECTION OF VARIOUS LANDLORDS TO NIKE FINANCING MOTION (DOCKET NO. 369)**

investment covenants.  Any compromise of these provisions creates breaches which adversely affect the Centers.  Section 364 does not empower the Debtor (or its lender) to render such lease provisions unenforceable.  The United States Supreme Court consistently affirms that bankruptcy courts are to uphold nonbankruptcy rights unless a specific bankruptcy provision or policy requires differently.  Butner v. United States, 440 U.S. 48, 55 (1979).  "'Property rights are created and defined by state law,' and '[u]nless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.'"  Stern v. Marshall, 131 S. Ct. 2594, 2616 (2011).  The burden to demonstrate that bankruptcy law overrides applicable state law falls on the party making that assertion.  *See* Raleigh v. Illinois Dept. of Revenue, 530 U.S. 15, 25 (2000); Butner, 440 U.S. at 55.  A lease provision enforceable under applicable state law is thus enforceable in a bankruptcy case, absent a specific bankruptcy provision to the contrary.

**B.     There must be adequate protection for the payment of February 2018 rent.**

7.     Ironically, the Essential Expenses listed in the Nike Financing Motion do *not* include February 2018 rent.  The Essential Expenses are payroll, sales taxes, and utilities/insurance.  Despite the fact that the Debtor will use the Premises to generate some of the $7 million in sales for the benefit of all creditors of the estate, no rent will be paid.  At a minimum, the Debtor, must be ordered to pay February 2018 rent by a date certain.

8.     The Debtor's obligation to pay post-petition rent is clear.  The relevant portion of 11 U.S.C. § 365(d)(3) provides:

> The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3).  The plain language of Section 365(d)(3) and the prevailing case law in this Circuit require that the unpaid post-petition rent and charges be paid immediately.

9.     The Ninth Circuit has long recognized a debtor's obligation to pay post-petition administrative rent under Section 365(d)(3) for nonresidential real property leases.  Specifically, the Ninth Circuit holds that "section 365(d)(3) expresses the intent of Congress to secure for

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

lessors the full amount of rent due during the 60-day period while the trustee determines to accept or reject the lease, *regardless of any benefit to the estate*.[4]  The statute does not require the lessor to take any action." In re Pacific-Atlantic Trading Co., 27 F.3d at 405 (emphasis added).  Courts throughout the country concur. *See* In the Matter of The Barrister of Delaware, Ltd., 49 B.R. 446, 447 (Bankr. D. Del. 1985); In re Dieckhaus Stationers of King of Prussia, 73 B.R. 969, 972-73 (Bankr. E.D. Pa. 1987).

10. The primary goal of Section 365(d)(3) is to prevent the Landlords from becoming involuntary post-petition lender to a debtor's estate.  In re Handy Andy Home Imp. Centers, Inc., 196 B.R. 87, 95 (Bankr. N.D. Ill. 1996).  The purpose of Section 365(d)(3) is to ensure that landlords receive immediate payment for lease obligations and prevent the injustice of landlords providing forced and uncompensated services to debtors. *See* Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.), 268 F.3d 205, 211 (3rd Cir. 2001); *see also* In re Cukierman, 265 F.3d at 851.  In short, Congress and the courts have determined that a landlord should immediately receive the benefit of its bargain and be compensated for being compelled by the Bankruptcy Code to continue providing a debtor with critical post-petition services.

11. Section 363(e) provides:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, *the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest*. . . . (Emphasis added).

11 U.S.C. § 363(e).

12. Adequate protection is available to the Landlords. *See*, *e.g.*, Matter of Cont'l Airlines, Inc., 154 B.R. 176, 180 (Bankr. D. Del. 1993) (finding adequate protection is available under Section 363(e) for a decrease in value due to the use, sale, *or lease* of an entity's interest in property) (emphasis added); In re P.J. Clarke's Restaurant Corp., 265 B.R. 392, 404 (Bankr. S.D.N.Y. 2001) (a landlord's right to adequate protection seems to follow clearly from the language of Section 363(e)); In re Ernst Home Center, Inc., 209 B.R. 955, 966-67 (Bankr. W.D.

---

[4] The Pacific-Atlantic Trading case was decided under a prior version of the Bankruptcy Code.  Following the 2005 amendment to the Bankruptcy Code, the 60-day period referenced by the Pacific-Atlantic Trading court is now 120 days.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

Wash. 1997) (adequate protection is available to real property lessors under Section 363(e)); In re RB Furniture, Inc., 141 B.R. 706, 713-14 (Bankr. C.D. Cal. 1992) (adequate protection under Section 363(e) may even be broader than the rights encompassed under Section 365(d)(3)).

13. The Court may order payment of post-petition rent as a surcharge under Section 506(c), or short of requiring the immediate payment of post-petition rent, it may provide adequate protection to Landlords by conditioning any waiver of Section 506(c) on the Landlords' receipt of post-petition rent for the Debtor's use and occupancy of the Premises. Section 506(c) provides that a trustee or debtor in possession may recover from property securing an allowed secured claim the "reasonable, necessary costs and expenses of preserving or disposing of, such property to the extent of any benefit to the holder of such claim . . . ." 11 U.S.C. § 506(c); *See* Precision Steel Shearing, Inc. v. Fremont Fin. Corp. (In re Visual Indus., Inc.), 57 F.3d 321, 325 (3rd Cir. 1995). Therefore, Section 506(c) expressly permits a debtor to surcharge its lender where it can demonstrate that the administrative expenses were necessary, reasonable and directly provide a benefit to the secured party. *See* Hartford Fire Ins. Co. v. Norwest Bank (In re Lockwood Corp.), 223 B.R. 170, 175 (8th Cir. BAP 1998). The premise underlying Section 506(c) is that the unsecured creditors should not be required to bear the costs of preserving a secured creditor's collateral. *See*, *e.g.*, Visual Indus., Inc., 57 F.3d at 325; *see also* In re Evanston Beauty Supply Inc., 136 B.R. 171, 175 (Bankr. N.D. Ill. 1992). "Ample case authority exists which permits lessors to recover under Section 506(c) provided that the standards for recovery are met." In re World Wines, Ltd., 77 B.R. 653, 658 (Bankr. N.D. Ill. 1987). As with other claims under Section 506(c), the standards for recovery are that the services were necessary and beneficial to the lender. Visual Indus., Inc., 57 F.3d at 325. The Debtor's post-petition use and occupancy of the Premises primarily and directly benefits the Debtor and all of its creditors.

14. To the extent consistent with the objections expressed herein, Landlords also join in the objections to the Nike Financing Motion of other landlords.

### III. CONCLUSION

15. Based upon the foregoing, and such other and further evidence and arguments which may be presented at the hearing on the Nike Financing Motion, the Landlords request that

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

1  this Court: (a) limit any liens on the Leases to the proceeds of the distribution of the Leases only;

2  (b) provide adequate protection for the payment of February 2018 rent; and, (C) grant such further

3  relief as the Court deems proper.

4  Dated: January 30, 2018

**BALLARD SPAHR LLP**
Brian D. Huben
Dustin P. Branch

By: */s/ Brian D. Huben*
      Brian D. Huben

Attorneys for Landlord Creditors
Centennial Real Estate Company, LLC,
Passco Companies, LLC, Starwood Retail
Partners LLC, The Macerich Company,
Vintage Real Estate, LLC, and Westfield, LLC

## SCHEDULE A

| | | |
|---|---|---|
| **CENTENNIAL REAL ESTATE CO.** | | |
| Store No. 50 | MainPlace | Santa Ana, CA |
| **PASSCO COMPANIES, LLC** | | |
| Store No. 37 | Hanford Mall | Hanford, CA |
| **VINTAGE REAL ESTATE, LLC** | | |
| Store No. 21 | SouthBay Pavilion | Carson, CA |
| **STARWOOD RETAIL PROPERTIES, LLC** | | |
| Store No. 111 | Capital Mall | Olympia, WA |
| Store No. 25 | Northridge Mall | Salinas, CA |
| Store No. 38 | Parkway Plaza Mall | El Cajon, CA |
| Store No. 107 | Plaza West Covina | West Covina, CA |
| Store No. 9 | Solano Town Center | Fairfield, CA |
| **THE MACERICH COMPANY** | | |
| Store No. 36 | Arden Fair | Sacramento, CA |
| Store No. 68 | Arrowhead Town Center | Glendale, AZ |
| Store No. 71 | Chandler Fashion Center | Chandler, AZ |
| Store No. 62 | Desert Sky | Phoenix, AZ |
| Store No. 14 | Fresno Fashion Fair | Fresno, CA |
| Unknown | Fresno Fashion Fair | Fresno, CA |
| Store No. 48 | Inland Center | San Bernardino, CA |
| Store No. 87 | Lakewood Center | Lakewood, CA |
| Store No. 116 | Los Cerritos Center | Cerritos, CA |
| Store No. 22 | Pacific View | Ventura, CA |
| Store No. 67 | Paradise Valley | Phoenix, AZ |
| Store No. 86 | Stonewood Center | Downey, CA |
| Store No. 69 | Superstition Springs | Mesa, AZ |
| Store No. 82 | The Mall of Victor Valley | Victorville, CA |
| Store No. 91 | Vintage Faire Mall | Modesto, CA |
| Store No. 77 | Westside Pavilion | Los Angeles, CA |
| **WESTFIELD, LLC** | | |
| Store No. 21 | Culver City | Culver City, CA |
| Unknown | Culver City | Culver City, CA |
| Store No. 46 | Horton Plaza | San Diego, CA |
| Store No. 56 | Misson Valley | San Diego, CA |
| Store No. 5 | North County | Escondido, CA |
| Store No. 70 | North County | Escondido, CA |
| Store No. 76 | Palm Desert | Palm Desert, CA |

| Store No. 145 | Plaza Bonita | National City, CA |
| Store No. 118 | Southcenter | Tukwila, WA |
| Store No. 502 | Southcenter (Sole) | Tukwila, WA |
| Store No. 3 | Topanga | Canoga Park, CA |
| Store No. 93 | Topanga | Canoga Park, CA |
| Store No. 501 | Topanga (Sole) | Canoga Park, CA |
| Store No. 64 | Valencia | Valencia, CA |
| Store No. 40 | Valley Fair | Santa Clara, CA |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2029 Century Park East, Suite 800, Los Angeles, CA  90067-2909.

A true and correct copy of the foregoing document described as **LIMITED OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO OBTAIN SHORT-TERM VENDOR FINANCING FROM NIKE USA, INC. AND GRANTING RELATED RELIEF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 30, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Mikel R Bistrow on behalf of Creditor PayPal, Inc., dba Braintree
mikel.bistrow@dinsmore.com, caron.burke@dinsmore.com

Dustin P Branch on behalf of Creditor Centennial Real Estate Company
branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com

Dustin P Branch on behalf of Creditor Passco Companies, LLC
branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com

Dustin P Branch on behalf of Creditor Starwood Retail Partners LLC
branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com

Dustin P Branch on behalf of Creditor The Macerich Company
branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com

Dustin P Branch on behalf of Creditor Vintage Real Estate, LLC
branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com

Dustin P Branch on behalf of Creditor Westfield, LLC
branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com

Christopher Celentino on behalf of Interested Party Courtesy NEF
chris.celentino@dinsmore.com, caron.burke@dinsmore.com

Gregg M Ficks on behalf of Creditor 1777 S. Vintage Avenue Investors LLC
gficks@coblentzlaw.com

Scott D Fink on behalf of Creditor Toyota Industries Commercial Finance, Inc.
brodellecf@weltman.com

Scott F Gautier on behalf of Creditor Comvest Capital II, L.P.
sgautier@robinskaplan.com

Scott F Gautier on behalf of Creditor Comvest Partners II, L.P.
sgautier@robinskaplan.com

Ronald E Gold on behalf of Creditor Washington Prime Group Inc.
rgold@fbtlaw.com, joguinn@fbtlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

David B Golubchik on behalf of Interested Party Courtesy NEF
dbg@lnbyb.com, dbg@ecf.inforuptcy.com

Asa S Hami on behalf of Debtor Shiekh Shoes, LLC
ahami@sulmeyerlaw.com,
    agonzalez@sulmeyerlaw.com;agonzalez@ecf.inforuptcy.com;ahami@ecf.inforuptcy.com

Asa S Hami on behalf of Plaintiff Shiekh Shoes, LLC
ahami@sulmeyerlaw.com,
    agonzalez@sulmeyerlaw.com;agonzalez@ecf.inforuptcy.com;ahami@ecf.inforuptcy.com

Brian D Huben on behalf of Creditor Centennial Real Estate Company
hubenb@ballardspahr.com, carolod@ballardspahr.com

Brian D Huben on behalf of Creditor Passco Companies, LLC
hubenb@ballardspahr.com, carolod@ballardspahr.com

Brian D Huben on behalf of Creditor Starwood Retail Partners LLC
hubenb@ballardspahr.com, carolod@ballardspahr.com

Brian D Huben on behalf of Creditor The Macerich Company
hubenb@ballardspahr.com, carolod@ballardspahr.com

Brian D Huben on behalf of Creditor Vintage Real Estate, LLC
hubenb@ballardspahr.com, carolod@ballardspahr.com

Brian D Huben on behalf of Creditor Westfield, LLC
hubenb@ballardspahr.com, carolod@ballardspahr.com

William W Huckins on behalf of Creditor GGP Limited Partnership
whuckins@allenmatkins.com, clynch@allenmatkins.com

William W Huckins on behalf of Creditor Taubman Landlords
whuckins@allenmatkins.com, clynch@allenmatkins.com

Jay R Indyke on behalf of Creditor Committee The Official Committee of Unsecured Creditors of Shiekh Shoes, LLC
jindyke@cooley.com, smckee@cooley.com

Ivan L Kallick on behalf of Interested Party Manatt, Phelps & Phillips, LLP
ikallick@manatt.com, ihernandez@manatt.com

Dimitri G Karcazes on behalf of Creditor Comvest Capital II, L.P.
dimitri.karcazes@goldbergkohn.com

David S Kupetz on behalf of Debtor Shiekh Shoes, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.inforuptcy.com;dkupetz@ecf.inforuptcy.com

David S Kupetz on behalf of Plaintiff Shiekh Shoes, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.inforuptcy.com;dkupetz@ecf.inforuptcy.com

David B Kurzweil on behalf of Creditor State Bank and Trust Company
kurzweild@gtlaw.com, brattons@gtlaw.com;dyerj@gtlaw.com;perkinsd@gtlaw.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;dlev@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                F 9013-3.1.PROOF.SERVICE

Kevin Meek on behalf of Creditor Comvest Capital II, L.P.
kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com

Angela Z Miller on behalf of Creditor New Era Cap Co., Inc.
amiller@phillipslytle.com, styrone@phillipslytle.com

Ali M Mojdehi on behalf of Creditor Committee The Official Committee of Unsecured Creditors of Shiekh Shoes, LLC
amojdehi@cooley.com, jgertz@cooley.com;bbyun@cooley.com;arego@cooley.com

Kelly L Morrison on behalf of U.S. Trustee United States Trustee (LA)
kelly.l.morrison@usdoj.gov

Shannon O Nelson on behalf of Creditor Capri Urban Baldwin, LLC
snelson@fnlaw.net, snelson@socnlaw.com

Ernie Zachary Park on behalf of Creditor The Irvine Company
ernie.park@bewleylaw.com

Kristen N Pate on behalf of Creditor GGP Limited Partnership
ggpbk@ggp.com

Dean G Rallis, Jr on behalf of Interested Party CAPREF Burbank LLC
drallis@afrct.com, msinclair@afrct.com;AFRCTECF@afrct.com;mpham@afrct.com

Dean G Rallis, Jr on behalf of Interested Party CAPREF Lloyd II LLC
drallis@afrct.com, msinclair@afrct.com;AFRCTECF@afrct.com;mpham@afrct.com

Allan D Sarver on behalf of Creditor 3829 Broadway LLC
ADS@asarverlaw.com

William S Shepard on behalf of Creditor MM/PG (BAYFAIR) PROPERTIES, LLC
scott.shepard@msrlegal.com, lisa.king@msrlegal.com

Howard Steinberg on behalf of Creditor State Bank and Trust Company
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Michael A Sweet on behalf of Interested Party Fictitious Party
msweet@foxrothschild.com, swillis@foxrothschild.com

Wayne R Terry on behalf of Creditor Gordon Brothers Retail Partners, LLC
wterry@hemar-rousso.com

Wayne R Terry on behalf of Interested Party Courtesy NEF
wterry@hemar-rousso.com

Ronald M Tucker, Esq on behalf of Creditor SIMON PROPERTY GROUP INC
rtucker@simon.com, cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Edward T Weber on behalf of Creditor Devinder Mavi and Janet Mavi
ed@eweberlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Steven Werth on behalf of Debtor Shiekh Shoes, LLC
swerth@sulmeyerlaw.com,
    asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com

Eric R Wilson on behalf of Creditor Rouse Properties, LLC
kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Shiekh Shoes, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Interested Party Courtesy NEF
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Plaintiff Shiekh Shoes, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On **January 30, 2018**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 30, 2018**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Honorable Vincent P. Zurzolo        VIA PERSONAL DELIVERY
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 30, 2018 | Donna Carolo | /s/ Donna Carolo |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**