**KELLEY DRYE & WARREN LLP**
Eric R. Wilson (CA Bar No. 192220)
Robert L. LeHane
Jennifer D. Raviele (*admitted pro hac vice*)
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile:  (212) 808-7897
Email: ewilson@kelleydrye.com
          rlehane@kelleydrye.com
          jraviele@kelleydrye.com

and

**KELLEY DRYE & WARREN LLP**
10100 Santa Monica Blvd, Ste 2300
Los Angeles, CA 90067
Telephone: (310) 712-6100
Facsimile:  (310) 712-6199

*Attorneys for Rouse Properties, LLC*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SHIEKH SHOES, LLC,<br>a California limited liability company,<br><br>Debtor. | Case No. 2:17-bk-24626-VZ<br><br>Chapter 11<br><br>**LIMITED OBJECTION OF ROUSE PROPERTIES, LLC TO DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS: (1) AUTHORIZING DEBTOR TO OBTAIN SHORT-TERM VENDOR FINANCING FROM NIKE USA, INC., SECURED BY SENIOR LIEN UNDER 11 U.S.C. § 364; (2) AUTHORIZING USE OF CASH COLLATERAL UNDER 11 U.S.C. § 363; (3) SCHEDULING FINAL HEARING ON MOTION; AND  (4) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF  (Docket No. 369)**<br><br>Hearing:<br>Date:    January 30, 2018<br>Time:    2:00 p.m. PT<br>Place:   Courtroom 1368, Roybal Federal Bldg,<br>            255 E. Temple St, Los Angeles, CA |

Rouse Properties, LLC and its affiliates (collectively, the "Landlords"), by and through their counsel, Kelley Drye & Warren LLP, hereby file this limited objection (the "Limited Objection") to the *Debtor's Emergency Motion for Interim and Final Orders: (1) Authorizing Debtor to Obtain Short-Term Vendor Financing From Nike USA, Inc., Secured by Senior Lien Under 11 U.S.C. § 364; (2) Authorizing Use of Cash Collateral Under 11 U.S.C. § 363; (3) Scheduling Final Hearing on Motion; and (4) Granting Related Relief; Memorandum of Points and Authorities in Support Thereof* (Docket No. 369) (the "Emergency Financing Motion"). In support of this Limited Objection, the Landlords respectfully state as follows:

## BACKGROUND

1. On November 29, 2017, the Debtor filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court. The Debtor remains in possession of its property and continues to manage its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. The Landlords are the owners or managing agents for the owners of numerous shopping centers located throughout the United States. The Debtor leases retail space from the Landlords pursuant to written leases (each, a "Lease," and collectively, the "Leases") for, among others, the stores at the locations listed on the attached Exhibit A (collectively, the "Leased Premises"). The Leased Premises are located in shopping centers as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

3. On January 26, 2018, the Debtor filed the Emergency Financing Motion. On January 29, 2018, the Debtor filed a notice advising that the Court scheduled a hearing on the Emergency Financing Motion for January 30, 2018 at 2:00 p.m. (PT) and requiring objections to be filed by January 30, 2018 at 12:00 p.m. (PT) (Docket No. 371).

4. The Landlords will attempt to reach a consensual resolution of their concerns with the Debtor; however, if such a resolution is not possible, the Landlords intend to proceed with this Limited Objection at the hearing on the Emergency Financing Motion.

**OBJECTION**

5. The Bankruptcy Code requires that the Debtor timely pay its post-petition rent and additional rent obligations to the Landlords pursuant to section 365(d)(3), which provides:

> The trustee shall timely perform all the obligations of the debtor…
> arising from and after the order for relief under any unexpired lease
> of nonresidential real property, until such lease is assumed or
> rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3).

6. The Emergency Financing Motion, if granted, would prohibit the Debtor from satisfying its obligations to the Landlords under section 365(d)(3) of the Bankruptcy Code to timely pay rent for the months of February 2018 and, potentially, March 2018. The Debtor should not be permitted to violate its obligation to timely pay the Landlords rent and additional rent solely for want of financing and inventory from Nike. If granted, the Emergency Financing Motion should be modified to provide for payment of February 2018 rent as one of the Essential Expenses[1] of this case.

7. In addition, the Landlords respectfully assert that the Court should not approve any waiver of the estates' rights under sections 506(c) and 552(b) of the Bankruptcy Code. Section 506(c) of the Bankruptcy Code allows a debtor to charge the costs of preserving or disposing of a secured lender's collateral to the collateral itself. 11 U.S.C. § 506(c). This provision ensures that the cost of preserving a secured lender's collateral is not paid from

---

[1] Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Emergency Financing Motion.

- 3 -

unsecured recoveries. See, e.g., *Precision Steel Shearing v. Fremont Fin. Corp. (In re Visual Indus., Inc.)*, 57 F.3d 321, 325 (3d Cir. 1995) (stating, "section 506(c) is designed to prevent a windfall to the secured creditor"); *Kivitz v. CIT Group/Sales Fin., Inc., 272 B.R. 332, 334 (D. Md. 2000)* (stating, "the reason for [section 506(c)] is that unsecured creditors should not be required to bear the cost of protecting property that is not theirs"). Similarly, the "equities of the case" exception in section 552(b) of the Bankruptcy Code allows a debtor, committee, or other party-in-interest to exclude postpetition proceeds from prepetition collateral on equitable grounds, including to avoid having unencumbered assets fund the cost of a secured lender's foreclosure. 11 U.S.C. § 552(b).

8. Any liens granted to Nike must attach only to the proceeds of the Debtor's leasehold interests, not to the leases themselves. The imposition of direct liens on leases runs counter to the provisions in the leases that subordinate the leases and any related liens to any existing or potential liens granted by the landlords against the leased premises. The Emergency Financing Motion cites no authority that would authorize the Court to render any lease provision unenforceable, including lease subordination or anti-lien language. It is settled law that a trustee "takes the contracts of the debtor subject to their terms and conditions." *Thompson v. Texas Mexican Railway Co.*, 328 U.S. 134, 141 (1946). Accordingly, to the extent the prohibited by the leases, any new liens granted by the Emergency Financing Motion must be subordinated to any existing or potential liens against the affected leased premises.

## **JOINDER**

9. To the extent not inconsistent with this Limited Objection, the Landlords join in the objections to the Emergency Financing Motion asserted by other landlords.

**WHEREFORE**, the Landlords request that the Court enter an order: (i) denying the Emergency Financing Motion unless modified as set forth herein; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: January 30, 2018

          **KELLEY DRYE & WARREN LLP**

By: */s/ Eric. R. Wilson*
Eric R. Wilson (CA Bar No. 192220)
Robert L. LeHane
Jennifer D. Raviele (*admitted pro hac vice*)
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile:  (212) 808-7897
Email: ewilson@kelleydrye.com
       rlehane@kelleydrye.com
       jraviele@kelleydrye.com

and

KELLEY DRYE & WARREN LLP
10100 Santa Monica Blvd, Ste 2300
Los Angeles, CA 90067
Telephone: (310) 712-6100
Facsimile:  (310) 712-6199

*Attorneys for Rouse Properties, LLC*

# **EXHIBIT A**

**Rouse Properties, LLC And Its Affiliates**

| Store No. | Mall Name | Location | Landlord |
|---|---|---|---|
| 142 | Shops at Carlsbad | Carlsbad, CA | RPI Carlsbad, L.P. |
| 1240 | NewPark Mall | Newark, CA | NewPark Mall LP |
|  | Chula Vista Center | Chula Vista, CA | Chula Vista Center, LP |
|  | Southland Mall | Hayward, CA | Southland Mall, L.P. |
|  | West Valley Mall | Tracy, CA | Tracy Mall Partners, LP |

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is **Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178**.

The foregoing document described as the ***Limited Objection of Rouse Properties, LLC Debtor's Emergency Motion for Interim and Final Orders: (1) Authorizing Debtor to Obtain Short-Term Vendor Financing From Nike USA, Inc., Secured by Senior Lien Under 11 U.S.C. § 364; (2) Authorizing Use of Cash Collateral Under 11 U.S.C. § 363; (3) Scheduling Final Hearing on Motion; and (4) Granting Related Relief; Memorandum of Points and Authorities in Support Thereof*** will be served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 30, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

*See attached Exhibit 1.*        ☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On **January 30, 2018**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail and/or with an overnight mail service addressed as follow. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

*Via Overnight Mail*:

The Honorable Vincent P. Zurzolo
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

United States Trustee
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017

Amy M Williams
Williams Legal Advisory Group, LLC
169 Ramapo Valley Road, Suite 106
Oakland, NJ 07436

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 01/30/18 | Jennifer D. Raviele | /s/ *Jennifer D. Raviele* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**EXHIBIT 1**

Mikel R Bistrow on behalf of Creditor PayPal, Inc., dba Braintree
mikel.bistrow@dinsmore.com, caron.burke@dinsmore.com

Dustin P Branch on behalf of Creditor Centennial Real Estate Company
branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com

Dustin P Branch on behalf of Creditor Passco Companies, LLC
branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com

Dustin P Branch on behalf of Creditor Starwood Retail Partners LLC
branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com

Dustin P Branch on behalf of Creditor The Macerich Company
branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com

Dustin P Branch on behalf of Creditor Vintage Real Estate, LLC
branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com

Dustin P Branch on behalf of Creditor Westfield, LLC
branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com

Christopher Celentino on behalf of Interested Party Courtesy NEF
chris.celentino@dinsmore.com, caron.burke@dinsmore.com

Gregg M Ficks on behalf of Creditor 1777 S. Vintage Avenue Investors LLC
gficks@coblentzlaw.com

Scott D Fink on behalf of Creditor Toyota Industries Commercial Finance, Inc.
brodellecf@weltman.com

Scott F Gautier on behalf of Creditor Comvest Capital II, L.P.
sgautier@robinskaplan.com

Scott F Gautier on behalf of Creditor Comvest Partners II, L.P.
sgautier@robinskaplan.com

Ronald E Gold on behalf of Creditor Washington Prime Group Inc.
rgold@fbtlaw.com, joguinn@fbtlaw.com

David B Golubchik on behalf of Interested Party Courtesy NEF
dbg@lnbyb.com, dbg@ecf.inforuptcy.com

Asa S Hami on behalf of Debtor Shiekh Shoes, LLC
ahami@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com; agonzalez@ecf.inforuptcy.com; ahami@ecf.inforuptcy.com

Asa S Hami on behalf of Plaintiff Shiekh Shoes, LLC
ahami@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com; agonzalez@ecf.inforuptcy.com; ahami@ecf.inforuptcy.com

Brian D Huben on behalf of Creditor Centennial Real Estate Company
hubenb@ballardspahr.com, carolod@ballardspahr.com

Brian D Huben on behalf of Creditor Passco Companies, LLC
hubenb@ballardspahr.com, carolod@ballardspahr.com

Brian D Huben on behalf of Creditor Starwood Retail Partners LLC
hubenb@ballardspahr.com, carolod@ballardspahr.com

Brian D Huben on behalf of Creditor The Macerich Company
hubenb@ballardspahr.com, carolod@ballardspahr.com

Brian D Huben on behalf of Creditor Vintage Real Estate, LLC
hubenb@ballardspahr.com, carolod@ballardspahr.com

Brian D Huben on behalf of Creditor Westfield, LLC
hubenb@ballardspahr.com, carolod@ballardspahr.com

William W Huckins on behalf of Creditor GGP Limited Partnership
whuckins@allenmatkins.com, clynch@allenmatkins.com

William W Huckins on behalf of Creditor Taubman Landlords
whuckins@allenmatkins.com, clynch@allenmatkins.com

Jay R Indyke on behalf of Creditor Committee The Official Committee of Unsecured Creditors of Shiekh Shoes, LLC
jindyke@cooley.com, smckee@cooley.com

Ivan L Kallick on behalf of Interested Party Manatt, Phelps & Phillips, LLP
ikallick@manatt.com, ihernandez@manatt.com

Dimitri G Karcazes on behalf of Creditor Comvest Capital II, L.P.
dimitri.karcazes@goldbergkohn.com

David S Kupetz on behalf of Debtor Shiekh Shoes, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com; dperez@ecf.inforuptcy.com; dkupetz@ecf.inforuptcy.com

David S Kupetz on behalf of Plaintiff Shiekh Shoes, LLC
dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com; dperez@ecf.inforuptcy.com; dkupetz@ecf.inforuptcy.com

David B Kurzweil on behalf of Creditor State Bank and Trust Company
kurzweild@gtlaw.com, brattons@gtlaw.com;dyerj@gtlaw.com;perkinsd@gtlaw.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com; dlev@ecf.inforuptcy.com; dwalker@sulmeyerlaw.com

Kevin Meek on behalf of Creditor Comvest Capital II, L.P.
kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com

Angela Z Miller on behalf of Creditor New Era Cap Co., Inc.
amiller@phillipslytle.com, styrone@phillipslytle.com

Ali M Mojdehi on behalf of Creditor Committee The Official Committee of Unsecured Creditors of Shiekh Shoes, LLC
amojdehi@cooley.com, jgertz@cooley.com;bbyun@cooley.com;arego@cooley.com

Kelly L Morrison on behalf of U.S. Trustee United States Trustee (LA)
kelly.l.morrison@usdoj.gov

Shannon O Nelson on behalf of Creditor Capri Urban Baldwin, LLC
snelson@fnlaw.net, snelson@socnlaw.com

Ernie Zachary Park on behalf of Creditor The Irvine Company
ernie.park@bewleylaw.com

Kristen N Pate on behalf of Creditor GGP Limited Partnership
ggpbk@ggp.com

Dean G Rallis, Jr on behalf of Interested Party CAPREF Burbank LLC
drallis@afrct.com, msinclair@afrct.com;AFRCTECF@afrct.com;mpham@afrct.com

Dean G Rallis, Jr on behalf of Interested Party CAPREF Lloyd II LLC
drallis@afrct.com, msinclair@afrct.com;AFRCTECF@afrct.com;mpham@afrct.com

Allan D Sarver on behalf of Creditor 3829 Broadway LLC
ADS@asarverlaw.com

William S Shepard on behalf of Creditor MM/PG (BAYFAIR) PROPERTIES, LLC
scott.shepard@msrlegal.com, lisa.king@msrlegal.com

Howard Steinberg on behalf of Creditor State Bank and Trust Company
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Michael A Sweet on behalf of Interested Party Fictitious Party
msweet@foxrothschild.com, swillis@foxrothschild.com

Wayne R Terry on behalf of Creditor Gordon Brothers Retail Partners, LLC
wterry@hemar-rousso.com

Wayne R Terry on behalf of Interested Party Courtesy NEF
wterry@hemar-rousso.com

Ronald M Tucker, Esq on behalf of Creditor SIMON PROPERTY GROUP INC
rtucker@simon.com, cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Edward T Weber on behalf of Creditor Devinder Mavi and Janet Mavi
ed@eweberlegal.com

Steven Werth on behalf of Debtor Shiekh Shoes, LLC
swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com; kmccamey@sulmeyerlaw.com; asokolowski@ecf.inforuptcy.com; swerth@ecf.inforuptcy.com

Eric R Wilson on behalf of Creditor Rouse Properties, LLC
kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com

Claire K Wu on behalf of Debtor Shiekh Shoes, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Interested Party Courtesy NEF
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

Claire K Wu on behalf of Plaintiff Shiekh Shoes, LLC
ckwu@sulmeyerlaw.com, mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com