1  Scott F. Gautier (State Bar No. 211742)
   SGautier@RobinsKaplan.com
2  Kevin D. Meek (State Bar No. 280562)
   KMeek@RobinsKaplan.com
3  ROBINS KAPLAN LLP
   2049 Century Park East, Suite 3400
4  Los Angeles, CA 90067
   Telephone:   310 552 0130
5  Facsimile:   310 229 5800

6  Randall L. Klein  (*admitted pro hac vice*)
   Randall.Klein@goldbergkohn.com
7  Dimitri G. Karcazes (*admitted pro hac vice*)
   Dimitri.Karcazes@goldbergkohn.com
8  GOLDBERG KOHN LTD.
   55 East Monroe, Suite 3300
9  Chicago, Illinois 60603
   Telephone:   312 201 4000
10 Facsimile:   312 332 2196

11 Attorneys for Comvest Capital II, L.P.

12              **UNITED STATES BANKRUPTCY COURT**

13      **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

14

15 | In re:                                  | Case No.  2:17-bk-24626-VZ

16 | SHIEKH SHOES LLC, a California limited  | Chapter  11
   | liability company,

17 |                                         | **SUPPLEMENTAL OBJECTION OF
   |                                         | COMVEST CAPITAL II, L.P. TO THE
18 |                 Debtor.                 | DEBTOR'S MOTION FOR INTERIM AND
   |                                         | FINAL ORDERS: (1) AUTHORIZING
19 |                                         | DEBTOR TO OBTAIN POST-PETITION
   |                                         | REPLACEMENT TERM LOAN SECURED
20 |                                         | BY SENIOR LIEN PURSUANT TO 11
   |                                         | U.S.C. § 364 TO PAYOFF STATE BANK
21 |                                         | AND TRUST COMPANY; (2)
   |                                         | AUTHORIZING THE DEBTOR'S USE OF
22 |                                         | CASH COLLATERAL
   |                                         | PURSUANT TO 11 U.S.C. § 363; (3)
23 |                                         | GRANTING ADEQUATE PROTECTION
   |                                         | TO PREPETITION JUNIOR SECURED
24 |                                         | CREDITOR PURSUANT TO 11 U.S.C. §§
   |                                         | 361, 362, 363, AND 364; (4) SCHEDULING
25 |                                         | FINAL HEARING ON MOTION; AND (5)
   |                                         | GRANTING RELATED RELIEF**

26 |                                         | Date:        February 6, 2018
   |                                         | Time:        11:00 a.m.
27 |                                         | Place:       Courtroom 1368
   |                                         |              255 E. Temple St.
28 | 61411753.1                              |              Los Angeles, CA 90012

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2       Comvest Capital II, L.P. ("Comvest"), as administrative agent and collateral agent for

3 itself and certain other lenders (the "Lenders"), by its undersigned counsel, hereby files this

4 Supplemental Objection (the "Supplemental Objection") in response to the *Debtor's Motion for*

5 *Interim and Final Orders: (1) Authorizing Debtor to Obtain Post-Petition Replacement Term*

6 *Loan Secured by Senior Lien  Pursuant to 11 U.S.C. § 364 to Payoff State Bank and Trust*

7 *Company; (2) Authorizing Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. § 363; (3)*

8 *Granting Adequate Protection to Prepetition Junior Secured Creditor Pursuant to 11 U.S.C. §§*

9 *361, 362, 363, and 364; (4) Scheduling Final Hearing on Motion; and (5) Granting Related*

10 *Relief* (the "DIP Financing Motion," D.I. 276).[1]  In support thereof, Comvest states as follows:

11 **INTRODUCTION**

12       The only open issue with respect to a final order on the DIP Financing Motion is the

13 Debtor's request to subordinate Comvest's rights, statutorily granted pursuant to Bankruptcy

14 Code section 507(b), to a non-consensual "Carve-Out"—essentially providing a super-priority

15 claim to professionals in this case.  There is no statutory or equitable basis for the Court to grant

16 such a request.  The Debtor's only argument in support of forcing a non-statutory subordination

17 of Comvest's claim is that because the senior secured lender (the Debtor's principal's brother) has

18 agreed to subordinate its liens to the Carve-Out, Comvest's objection to the subordination of its

19 Adequate Protection Junior Claim to the Carve-Out would result in a "topsy-turvy reordering of

20 priorities that defies common sense." *Supplemental Brief in Support of "Motion for Interim and*

21 *Final Orders: (1) Authorizing Debtor to Obtain Post-Petition Replacement Term Loan Secured*

22 *by Senior Lien  Pursuant to 11 U.S.C. § 364 to Payoff State Bank and Trust Company; (2)*

23 *Authorizing Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. § 363; (3) Granting Adequate*

24 *Protection to Prepetition Junior Secured Creditor Pursuant to 11 U.S.C. §§ 361, 362, 363, and*

25 *364; (4) Scheduling Final Hearing on Motion; and (5) Granting Related Relief,"* at 3 (the

26

27

28     [1] Capitalized terms used in this Supplemental Objection will have the same meanings as defined in the DIP Financing Motion.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

61411753.1

1  "Supplemental Brief," D.I. 351).   The only thing that defies common sense is the Debtor's

2  argument.

3      It is often observed that grade-school children waiting in line try to give their friends

4  "frontsies-backsies"—a gambit by which a child near the front of a long line will allow their

5  friend to enter the line in front of them and the friend would then reciprocate by allowing the

6  child to cut back in front of them.   Thus, the child that was already in line would not be displaced

7  at all, but he would allow his friend to cut the entire line behind him.   Teachers and administrators

8  are quick to reprimand children and prohibit such practices.   For the exact same reason, the

9  Debtor's request must be denied.

10     Although the Term Lender has consented to the non-statutory subordination of its secured

11 claim to the Carve-Out, Comvest has not consented to putting any claim that would be *pari-pasu*

12 or of a lower priority ahead of Comvest's claim. .   Accordingly, to the extent that the proceeds of

13 the Term Lender's collateral are not sufficient to pay all of the claims that have priority to the

14 claims satisfied by the Carve-Out, the Term Lender's  payment from the collateral proceeds will

15 be reduced by the proceeds that are used to pay the Carve-Out; all claims junior to the Term

16 Lender, but senior to the claims paid by the Carve-Out, will receive the same amount of proceeds

17 as if the Carve-Out had not been granted.   This is the only logical result—the Term Lender is free

18 to give away its property, but not the property of others.   Any other result would equate to the

19 Term Lender having the ability to consent to a subordination of the liens and claims of any

20 creditor that is junior to its own priority.   There is simply no support in the Bankruptcy Code or in

21 equity for frontsies-backsies.

22     Given the continuous diminution in value of Comvest's collateral and the lack of

23 additional adequate protection to Comvest, and to the extent that the adequate protection in form

24 of replacement liens fails to adequately protect Comvest's secured interest, Comvest will be

25 entitled to an administrative priority claim under § 507(b) of the Code. Section 507(b) grants a

26 "superpriority" administrative claim that may not be subordinated to other administrative claims

27 or the Carve-Out without Comvest's consent. Thus, any estate funds that are used as a Carve-Out

28 to pay professional fees must remain subject to disgorgement to satisfy any unpaid 507(b) claim.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

61411753.1                - 3 -

1   That is the priority of claims that is required by the Bankruptcy Code, it is not, as the Debtor

2   claims, a "topsy-turvy reordering of priorities."

3                                           **BACKGROUND FACTS**

4           1.      On December 1, 2017, the Court entered an interim order approving the

5   State Bank DIP Facility. (D.I. 74)

6           2.      On January 9, 2018, Comvest filed an objection to the Debtor's DIP

7   Financing Motion. *See Objection of Comvest Capital II, L.P. to the Debtor's Motion for Interim*

8   *and Final Orders: (1) Authorizing Debtor to Obtain Post-Petition Replacement Term Loan*

9   *Secured by Senior Lien Pursuant to 11 U.S.C. § 364 to Payoff State Bank and Trust Company;*

10  *(2) Authorizing Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. § 363; (3) Granting*

11  *Adequate Protection to Prepetition Junior Secured Creditor Pursuant to 11 U.S.C. §§ 361, 362,*

12  *363, and 364; (4) Scheduling Final Hearing on Motion; and (5) Granting Related Relief* (the

13  "Objection," D.I. 300).

14          3.      On January 18, 2018, the Court entered an interim order authorizing the

15  Debtor to obtain a senior secured postpetition term loan in the principal amount of $5,000,000

16  from Anjum Shiekh (the brother of the Debtor's principal, Shiekh S. Ellahi). *See  Interim Order:*

17  *(1) Authorizing Debtor to Obtain Post-Petition Replacement Term Loan Secured by Senior Lien*

18  *Pursuant to 11 U.S.C. § 364 to Payoff State Bank and Trust Company; (2) Authorizing Debtor's*

19  *Use of Cash Collateral Pursuant to 11 U.S.C. § 363; (3) Granting Adequate Protection to*

20  *Prepetition Junior Secured Creditor Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; (4)*

21  *Scheduling Final Hearing on Motion; and (5) Granting Related Relief* (the "DIP Financing

22  Order," D.I. 331).

23          4.      On January 22, 2018, the Debtor filed a supplemental brief in support of

24  the DIP Financing Motion. *See* Supplemental Brief.

25          5.      Through the Supplemental Brief, the Debtor seeks authority to enter into a

26  $5,000,000 postpetition term loan from Anjum Shiekh on a final basis.  The Debtor argues,

27  among other things, that Comvest is adequately protected, but that if the adequate protection fails,

28  Comvest's statutorily-guaranteed 507(b) claim—the Adequate Protection Junior Claim– "must

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

also be subordinated to the Carve-Out" because the Term Lender has consented to the Carve-Out. Supplemental Brief, at 3.

## OBJECTION

Comvest does not object to the $5,000,000 in financing that was approved at the interim hearing and maintains that no further amounts are being sought or approved at the final hearing. The Supplemental Brief does not mention any additional financing, and only seeks authority for the Debtor to enter into a $5,000,000 postpetition term loan from Anjum Shiekh. *See* Supplemental Brief. If, and to the extent, the Debtor decides to seek additional financing, the Debtor should file a separate motion at that time.

Comvest objects to the reduction or subordination of any of its rights or claims, including the Adequate Protection Junior Claim, by the value of the consensual Carve-Out granted by the Term Lender.  A carve-out from a secured lender in favor of a claimant of junior priority must be, by its nature, consensual.  Comvest does not consent to the Carve-Out and the Court should not reduce or subordinate Comvest's secured claim by the Carve-Out. *See In re MRI Beltline Indus., L.P.*, 476 B.R. 917, 925 (Bankr. N.D. Tex. 2012) (denying the debtor's request for monthly carve-out from rent in which mortgagee had security interest for payment of debtor's counsel fees because the mortgagee objected to the carve-out); *In re California Webbing Indus., Inc.,* 370 B.R. 480, 486 (Bankr. D.R.I. 2007) (holding that "[a] carve out may not exist unless ordered, or approved by the Court with the consent of the affected secured creditor," and refusing to impose a carve-out from the creditor's collateral to protect administrative claimants without the consent of the creditor);  *In re Flagstaff Foodservice Corp.*, 739 F.2d 73, 77 (2d Cir. 1984) (holding that "[s]addling unconsenting secured creditors with professional fees . . . would discourage those creditors from supporting debtor's reorganization efforts," and rejecting the professionals' argument that the secured creditor impliedly consented to bearing the costs of their professional services); *In re White Glove, Inc.*, No. 98-12493DWS, 1998 WL 731611, at *6 (Bankr. E.D. Pa. Oct. 14, 1998) (essential to a carve-out is "the agreement between the secured party and the beneficiary of the carve out"); *In re Blackwood Assocs., L.P.,* 153 F.3d 61, 68 (2d Cir. 1998) ("a secured creditor's collateral may only be diminished to the extent that the secured creditor waives

1    its right to the protections afforded by the Code, or to the extent that the expense granted priority

2    directly confers a benefit on the secured creditor") (internal citation omitted).

3            The administrative expenses of a debtor's case are not to be charged against a creditor's

4    collateral unless the creditor is oversecured because "a secured creditor's interest in collateral is a

5    property right which is not impaired in bankruptcy proceedings." *In re Hotel Syracuse, Inc.*, 275

6    B.R. 679, 682 (Bankr. N.D.N.Y. 2002), *as corrected* (Mar. 18, 2002) (holding "absent an

7    agreement to the contrary, a secured creditor's collateral may only be charged for administrative

8    expenses, including attorney's fees, to the extent these expenses directly benefitted that secured

9    creditor"); *see also In re Trim–X Inc.*, 695 F.2d 296, 301 (7th Cir.1982) (the estate, and not the

10   secured creditor, bears the cost of the administrative expenses of the estate); *In re Blackwood

11   Assocs.,*153 F.3d at 68 (secured creditor's consent to be charged for administrative expenses,

12   including attorney's fees, "is not to be lightly inferred"); *In re Flagstaff*, 739 F.2d at 75 (any fees

13   payable from the secured creditor's collateral must be for services which were for the benefit of

14   the secured creditor rather than the debtor or other creditors) (internal citation omitted).

15   Moreover, a carve-out is just a consensual agreement between a secured lender, on the one hand,

16   and the debtor, on the other hand, permitting the use of the lender's collateral for the payment of

17   administrative claims. *See In re Pac. Cargo Servs., LLC,* No. 3:13-CV-01978-AA, 2014 WL

18   2041821, at *10 (D. Or. May 9, 2014) (internal citation omitted); *In re MRI Beltline Indus., L.P.*,

19   476 B.R. 917, 923 (Bankr. N.D. Tex. 2012); *In re California Webbing Indus., Inc.*, 370 B.R. 480,

20   483 (Bankr. D.R.I. 2007) (internal citations omitted).

21           The Term Lender bargained for a waiver of any surcharge rights against the Term Lender

22   and, in exchange, agreed to subordinate its Super-Priority Claim to the Carve-Out for "the

23   allowed respective fees and costs of the Debtor's bankruptcy counsel, the Debtor's financial

24   advisor, the Committee's counsel, and the Committee's financial advisor."  Comvest has not

25   received any such waiver, was not offered any such bargain and does not consent to the

26   subordination of its claim to any carve-out in favor of any professionals in this case. DIP

27   Financing Motion, at 9; Objection, at 4; *see also* Supplemental Brief, at 3. The Debtor's analysis

28   of the relationship between the Carve-Out, Comvest's Adequate Protection Junior Claim, and the

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

61411753.1                                    - 6 -

Term Lender's Super-Priority Claim is misguided. The Supplemental Brief incorrectly states that "it is not possible for the [Term Lender's] Super-Priority Claim to be both subordinated to the Carve-Out and senior to the Adequate Protection Junior Claim if the Adequate Protection Junior Claim is senior to the Carve-Out." Supplemental Brief, at 3.  Of course it is possible; if the Term Lender wants to allocate a portion of the proceeds from its collateral to pay the Carve-Out, it may do so, but, if there are not sufficient proceeds to pay all claims junior to the Term Lender and senior to those receiving the Carve-Out funds, the Carve-Out will reduce its entire claim. In other words, the Term Lender, in granting the Carve-Out, is actually giving up its own property, not those of the creditors with junior priority.  To recognize that the Term Lender may only be entitled to the proceeds of its collateral minus the Carve-Out, does not mean that the Adequate Protection Junior Claim gets priority over the Super-Priority Claim, it only recognizes the fact that the Term Lender has agreed to pay the Carve-Out out of its own pocket.

Comvest continues to doubt that its secured claim is, or will remain, adequately protected given the continued operational losses of the Debtor and the deterioration in Comvest's collateral position. *See* Objection, at 4. If and to the extent the adequate protection afforded to Comvest in the form of replacement liens fails to adequately protect Comvest, and as a result, Comvest is not paid in full, Comvest has an administrative priority claim under section 507(b) of the Code "over any administrative expenses allowed under § 503(b)". 11 U.S.C. § 507(a)(2)-(b). Section 507(b) "directs the bankruptcy court to grant the injured creditor a 'superpriority,' entitling the creditor to be paid ahead of all other creditors with administrative expense claims." *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1451 (9th Cir. 1985) (recommending granting the junior secured creditor a superpriority under § 507(b) after the bankruptcy court's cash collateral order improperly deprived the junior creditor of its collateral, even absent a bankruptcy court order of adequate protection). In addition, the bankruptcy courts have ordered disgorgement of interim fee awards in order to satisfy superpriority claims under § 507(b). *In re Wilson-Seafresh, Inc.*, 263 B.R. 624, 631 (Bankr. N.D. Fla. 2001) (holding creditor was entitled to superpriority claim upon failure of adequate protection provided to it under bankruptcy court's cash collateral order and professionals had to be ordered to disgorge interim fee awards in order to permit payment of creditor's

superpriority claim) (internal citations omitted); *see also In re Kids Creek Partners, LP*, 236 B.R.

871 (Bankr.N.D.Ill.1999); *In re Matz v. Hoseman*, 197 B.R. 635 (N.D.Ill.1996); *U.S. Trustee v.*

*Johnston*, 189 B.R. 676 (N.D.Miss.1995); *In re Wise Transportation*, 148 B.R. 52

(Bankr.N.D.Okla.1992). Hence, to the extent that the adequate protection lien granted to Comvest

fails to adequately protect Comvest's secured interest and Comvest is entitled to the statutorily-

guaranteed super- priority claim under section 507(b) of the Code, Comvest has the right to seek

disgorgement of any payments made to any other administrative claims that would be junior in

priority to a section 507(b) claim; any other result would be a topsy-turvy reordering of the

statutory grant of super-priority.

## CONCLUSION

For all of the foregoing reasons, Comvest respectfully (i) requests that the Court

deny the reduction of Comvest's Adequate Protection Junior Claim by the Carve-Out or the

subordination of Comvest's Adequate Protection Junior Claim to the Carve-Out and (ii) asks the

Court to limit the hearing on the DIP Financing Motion only to matters in connection with the

first stage of financing, involving a $5,000,000 postpetition term loan from Anjum Shiekh to the

Debtor.

Dated:  February 1, 2017

**ROBINS KAPLAN LLP**

By: _____*/s/ Scott F. Gautier*_____
Scott F. Gautier
Kevin D. Meek

and

Randall L. Klein, Esq.
Dimitri G. Karcazes, Esq.
GOLDBERG KOHN LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603

**ATTORNEYS FOR COMVEST CAPITAL II,
L.P.**

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

61411753.1                                                           - 8 -

## PROOF OF SERVICE OF DOCUMENTS

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Robins Kaplan LLP, 2049 Century Park East, Suite 3400, Los Angeles, California 90067

A true and correct copy of the foregoing documents entitled:  **SUPPLEMENTAL OBJECTION OF COMVEST CAPITAL II, L.P. TO THE DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS: (1) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION REPLACEMENT TERM LOAN SECURED BY SENIOR LIEN PURSUANT TO 11 U.S.C. § 364 TO PAYOFF STATE BANK AND TRUST COMPANY; (2) AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363; (3) GRANTING ADEQUATE PROTECTION TO PREPETITION JUNIOR SECURED CREDITOR PURSUANT TO 11 U.S.C. §§ 361, 362, 363, AND 364; (4) SCHEDULING FINAL HEARING ON MOTION; AND (5) GRANTING RELATED RELIEF**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **<u>February 1, 2018</u>**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Mikel R Bistrow     mikel.bistrow@dinsmore.com, caron.burke@dinsmore.com
- Dustin P Branch     branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com
- Christopher Celentino     chris.celentino@dinsmore.com, caron.burke@dinsmore.com
- Gregg M Ficks     gficks@coblentzlaw.com
- Scott D Fink     brodellecf@weltman.com
- Scott F Gautier     sgautier@robinskaplan.com
- Ronald E Gold     rgold@fbtlaw.com, joguinn@fbtlaw.com
- David B Golubchik     dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- Asa S Hami     ahami@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com;agonzalez@ecf.inforuptcy.com;ahami@ecf.inforuptcy.com
- Brian D Huben     hubenb@ballardspahr.com, carolod@ballardspahr.com
- William W Huckins     whuckins@allenmatkins.com, clynch@allenmatkins.com
- Jay R Indyke     jindyke@cooley.com, smckee@cooley.com
- Ivan L Kallick     ikallick@manatt.com, ihernandez@manatt.com
- Dimitri G Karcazes     dimitri.karcazes@goldbergkohn.com
- David S Kupetz     dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.inforuptcy.com;dkupetz@ecf.inforuptcy.com
- David B Kurzweil     kurzweild@gtlaw.com, brattons@gtlaw.com;dyerj@gtlaw.com;perkinsd@gtlaw.com
- Daniel A Lev     dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;dlev@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com
- Kevin Meek     kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Angela Z Miller     amiller@phillipslytle.com, styrone@phillipslytle.com
- Ali M Mojdehi     amojdehi@cooley.com, jgertz@cooley.com;bbyun@cooley.com;arego@cooley.com
- Kelly L Morrison     kelly.l.morrison@usdoj.gov
- Shannon O Nelson     snelson@fnlaw.net, snelson@socnlaw.com
- Ernie Zachary Park     ernie.park@bewleylaw.com
- Kristen N Pate     ggpbk@ggp.com
- Dean G Rallis     drallis@afrct.com, msinclair@afrct.com;AFRCTECF@afrct.com;mpham@afrct.com
- Allan D Sarver     ADS@asarverlaw.com
- William S Shepard     scott.shepard@msrlegal.com, lisa.king@msrlegal.com
- Howard Steinberg     steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
- Michael A Sweet     msweet@foxrothschild.com, swillis@foxrothschild.com
- Wayne R Terry     wterry@hemar-rousso.com
- Ronald M Tucker     rtucker@simon.com, cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Edward T Weber     ed@eweberlegal.com
- Steven Werth     swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.co

m
•Eric R Wilson     kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com
•Claire K Wu     ckwu@sulmeyerlaw.com,
mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforuptcy.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **February 1, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.  **NONE.**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 1, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via E-mail**
Jay R Indyke, Esq. at jindyke@cooley.com
David S Kupetz, Esq. at dkupetz@sulmeyerlaw.com
Office of the United States Trustee, Kelly L Morrison, Esq. at kelly.l.morrison@usdoj.gov

**Courtesy Copy Via Messenger**
Honorable Vincent Zurzolo
United States Bankruptcy Court
Central District of California
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, California 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 1, 2018 | Angela Matsuoka | /s/ Angela Matsuoka |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                     **F 9013-3.1.PROOF.SERVICE**