| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| David S. Kupetz (CA Bar No. 125062)<br>  dkupetz@sulmeyerlaw.com<br>Asa S. Hami (CA Bar No. 210728)<br>  ahami@sulmeyerlaw.com<br>Claire K. Wu (CA Bar No. 295966)<br>  ckwu@sulmeyerlaw.com<br>SulmeyerKupetz<br>A Professional Corporation<br>333 South Hope Street, Thirty-Fifth Floor<br>Los Angeles, California  90071-1406<br>Telephone: 213.626.2311<br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for* Reorganized Debtor Shiekh Shoes, LLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>SHIEKH SHOES, LLC<br>a California limited liability company,<br><br><br><br><br><br><br><br><br><br><br><br><br><br>                                                      Debtor(s). | CASE NO.: 2:17-bk-24626-VZ |
|---|---|
| | CHAPTER: 11 |
| | **NOTICE OF MOTION AND MOTION IN CHAPTER 11 CASE FOR THE ENTRY OF**:<br><br>☒ **A FINAL DECREE AND ORDER CLOSING CASE; OR**<br><br>☐ **AN ORDER CLOSING CASE**<br><br>**ON INTERIM BASIS**<br><br>**[11 U.S.C. § 350(a) and 1101(2); FRBP 3022; LBR 3022-1]** |
| | ☐ No hearing unless requested under LBR 9013-1(o)(4)<br><br>☒ Hearing Information:<br>DATE:          September 25, 2018<br>TIME:          11:00 a.m.<br>COURTROOM: 1368<br>ADDRESS:    Roybal Federal Building<br>                     255 E. Temple Street<br>                     Los Angeles, CA 90012 |

**PLEASE TAKE NOTICE THAT** the Reorganized Debtor or chapter 11 trustee requests the entry of a final decree and/or an order closing a chapter 11 case in which a plan of reorganization was confirmed.

Your rights might be affected by this Motion. You may want to consult an attorney. Refer to the box checked below for the deadline to file and serve a written response. If you fail to timely file and serve a written response, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief. You must serve a copy of your opposition upon the Reorganized Debtor, the Reorganized Debtor's attorney, the United States trustee, and on the judge pursuant to LBR 5005-2(d) and the Court Manual.

1.   ☐   **No Hearing Scheduled; Notice Provided under LBR 9013-1 (o):** This Motion is filed by the Debtor pursuant to LBR 9013-1(o), which provides for granting of motions without a hearing. The full Motion is attached, including the legal and factual grounds upon which the Motion is made. If you wish to oppose this Motion, you must file a

CKW\ 2627031.7 This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                                             Page 1                              **F 3022-1.1.MOTION.CLOSE.CH11.CASE**

written response and request for hearing with the court and serve it as stated above, **no later than 14 days after the date stated on the Proof of Service of this Motion** plus 3 additional days if you were served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F). Your opposition must comply with LBR 9013-1(f) and (o).

2. ☒  **Hearing Set on Regular Notice; Notice Provided under LBR 9013-1 (d):** This Motion is set for hearing on regular notice pursuant to LBR 9013-1(d). The full Motion and supporting documentation are attached, including the legal and factual grounds upon which the Motion is made. If you wish to oppose this Motion, you must file a written response with the court and serve it as stated above **no later than 14 days prior to the hearing.** Your response must comply with LBR 9013-1(f). The undersigned hereby verifies that the hearing date and time selected were available for this type of Motion according to the judge's self-calendaring procedures [LBR 9013-1(b)].

3. ☒  **Other** *(specify)*: The Debtor seeks entry of a final decree closing this bankruptcy case, effective as of September 30, 2018, with the Court's continued retention of jurisdiction over limited matters if and as necessary as more specifically set forth in the Motion below.

Date: _____

_____
Signature of Reorganized Debtor or trustee

_____
Printed name of Reorganized Debtor or trustee

Date: 9/4/18 _____

*/s/ Claire K. Wu*
_____
Signature of attorney for Reorganized Debtor or trustee, if any
Claire K. Wu
_____
Printed name of attorney for Reorganized Debtor or trustee, if any

CKW\ 2627031.7 This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                Page 2                    **F 3022-1.1.MOTION.CLOSE.CH11.CASE**

**MOTION IN CHAPTER 11 CASE FOR ENTRY OF**:

☒  **A FINAL DECREE AND ORDER CLOSING CASE; OR**

☐  **AN ORDER CLOSING CASE ON AN INTERIM BASIS**

1.  **Movant is the**: ☒  Reorganized Debtor        ☐  Chapter 11 trustee

2.  **Postconfirmation Status of Bankruptcy Case**: Pursuant to 11 U.S.C. § 1101(2), FRBP 3022, and applicable case law, and except as noted below or in the Declaration:

    a.  The order confirming the plan of reorganization is final;

    b.  All deposits required by the plan have been distributed;

    c.  All property proposed by the plan to be transferred has been transferred;

    d.  The Debtor or successor to the Debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    e.  All payments or other distributions under the plan have commenced; and

    f.  All motions, contested matters, and adversary proceedings have been finally resolved.

3.  **Relief Requested** (check one box only):

    a.  ☒  **Motion for Entry of Final Decree In a Case that Has Been Fully Administered:** Movant requests the entry of a final decree because the chapter 11 plan has been substantially consummated and the bankruptcy case has been fully administered pursuant to 11 U.S.C. §§ 350(a), 1101(2), FRBP 3022, and applicable case law, except as set forth below.

        The Debtor requests that any final decree closing this bankruptcy case be effective as of September 30, 2018, and that the Court continue to retain jurisdiction over limited matters if and as necessary as more specifically set forth below.

    **I. FACTS**

        A. Brief Background

        On November 29, 2017, Shiekh Shoes, LLC, the reorganized debtor in the above-captioned case (the "Debtor"), filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code.

        On April 26, 2018, the Debtor filed its "Second Amended Plan of Reorganization of a Debtor Who is Not an Individual" [Dkt. No. 613] (the "Plan"). On June 15, 2018, this Court entered its "Order Granting Motion to Confirm Plan of Reorganization of Chapter 11 Debtor Who is Not an Individual" [Dkt. No. 608], which Order confirming the Plan is final.

        The Plan became effective as of June 29, 2018 (the "Effective Date"). The Plan provides for certain Effective Date payments, which have been made by the Debtor, or are being made pursuant to agreements with the claimants, and/or will be paid prior to the hearing on the instant Motion. The Plan provides for the Court's retention of jurisdiction over certain categories of proceedings, which encompass the various matters identified below. *See* Plan, § X.F.1.

        B. The Adversary Proceedings

        During the course of the case, three adversary proceedings were commenced by the Debtor, two of which have been resolved and are now closed, and only one of which remains pending (but has been stayed).

        Those adversary proceedings are: (1) *Shiekh Shoes, LLC v. Karmaloop, LLC, et al.*, Adv. No. 2:18-ap-01017,

CKW\ 2627031.7 This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                Page 3                        **F 3022-1.1.MOTION.CLOSE.CH11.CASE**

which adversary proceeding was closed on April 30, 2018; (2) *Shiekh Shoes, LLC v. Sports Land, Inc., et. al.*, Adv. No. 2:18-ap-01090, which adversary proceeding was closed on July 6, 2018; and (3) *Shiekh Shoes, LLC v. Sports Land, Inc.*, Adv. No. 2:18-ap-01210 (the "Sports Land Claim Litigation"), which adversary proceeding remains pending, but has been stayed pending further order of the Court, with a status conference set for March 7, 2019.

As a result of the Court's ruling to stay the Sports Land Claim Litigation, no further activity is contemplated in that litigation at this time.  As discussed below, notwithstanding the entry of a final decree closing this bankruptcy case, the Court may continue to retain jurisdiction over the Sports Land Claim Litigation.

C. Other Matters

Other matters or issues currently pending in the bankruptcy case include or relate to: (1) lease cure claims for a limited group of landlords (the "Cure Claims"); and (2) certain motions for payment of administrative expense claims (the "Administrative Claim Motions").  As discussed below, the Debtor anticipates that all such matters will be disposed of, resolved, or otherwise finalized prior to the hearing on the instant Motion or without the need for further proceedings.  To the extent any issues relating to these matters remain open beyond the hearing on the present Motion, the Debtor requests that the Court retain jurisdiction over such matters notwithstanding the entry of a final decree closing the case.

With regard to the Cure Claims, pursuant to this Court's "Scheduling Order Regarding Cure Claim Disputes for Certain Real Property Leases" [Dkt. No. 692], a status conference is currently set for September 6, 2018.  As set forth in the Debtor's "Memorandum Regarding Outstanding or Unresolved Cure Claim Disputes for Certain Real Property Leases" [Dkt. No. 780], the Debtor believes no further disputes regarding the lease Cure Claims exist.  At this time, the only aspects of these Cure Claims that the Debtor believes remain open are: (1) the Debtor's future payment of these claims pursuant to agreement with the particular landlords; and (2) a final reconciliation of outstanding amounts for certain of the landlords based on recent rent statements and payments made.  To the extent that, after the September 6 status conference, any Cure Claim disputes still exist and are not resolved prior to the hearing on the instant Motion, the Debtor requests that this Court continue to reserve jurisdiction over such issues despite closing the case.

With regard to the Administrative Claim Motions [Dkt. Nos. 740, 742, 744, 746, 748, 750, 752, 754, 756, 758, 760, 762, 764, 766, 768, 770, 772, and 776], the Debtor has either reached a consensual resolution of the motions or is in discussions with the moving party for a potential consensual resolution.  The Debtor requests that the Court reserve jurisdiction over any Administrative Claim Motions that remain pending or unresolved as of the date of the hearing on the present Motion.

## II. THE COURT SHOULD ENTER A FINAL DECREE CLOSING THE CASE

A. Legal Authority

Section 350(a) of the Bankruptcy Code provides for the closing of a case after an estate has been "fully administered."  11 U.S.C. § 350(a).  Rule 3022 of the Federal Rules of Bankruptcy Procedure provides: "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.  *See also* Local Bankruptcy Rule 3022-1(a), which contains language that is virtually identical to Rule 3022.

The Advisory Committee Note to the 1991 amendment to Rule 3022 provides:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed.  Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5)

CKW\ 2627031.7 This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                        Page 4                          F 3022-1.1.MOTION.CLOSE.CH11.CASE

whether payments under the plan have been commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022.

"[N]ot all of the factors set forth in the Advisory Committee Note need to be present to establish that a case is fully administered for final decree purposes." *Nesselrode v. Provident Fin., Inc. (In re Provident Fin., Inc.),* 2010 Bankr. LEXIS 5047, *26 (B.A.P. 9th Cir. 2010) (internal citations omitted).  "Rather, bankruptcy courts have flexibility in determining whether an estate is fully administered by considering the factors set forth in Rule 3022, along with any other relevant factors." *Id.* "The continuation of an adversary proceeding. . . is insufficient by itself to keep a case from being considered 'fully administered.'" *Id.* at *27 (citing *In re Union Home and Indus., Inc.,* 375 B.R. 912, 918 (B.A.P. 10th Cir. 2007)).  *See also In re Leonard M. Ross*, Bk. Case No. 2:10-bk-49358-VZ,  Dkt. No. 835 (Chapter 11 case before this Court in which Court granted motion for entry of final decree notwithstanding pendency of adversary proceeding).

B. The Case is Fully Administered for Final Decree Purposes

In the present case, five of the six factors to be considered by a court in determining whether a case has been fully administered, are met.

   1. The Order Confirming the Plan is Final

As set forth above, the Debtor's Plan was confirmed by this Court's Order entered June 15, 2018.  That Order is now final.

   2. There are No Deposits Required By the Plan

There are no deposits required by the Plan to be distributed, and therefore, this factor is not applicable.

   3. There is No Property to Be Transferred Under the Plan

There is no property to be transferred under the Plan, and therefore, this factor is not applicable.

   4. The Reorganized Debtor Continues to Manage the Property Dealt with By the Plan

The Debtor's Plan is a reorganization plan and the Debtor continues to operate and manage the business affairs as set forth in the Plan.

   5. Payments Under the Plan Have Commenced

The Plan provides for the following Effective Date payments, which payments have been made by the Debtor, or are being made pursuant to agreements reached between the Debtor and the claimant, and/or will be paid prior to the hearing on the instant Motion:

| Effective Date Payments | Status |
|---|---|
| (i) Lease Cure Claims (Plan, Section VIII.A.2) | The Debtor commenced payments on account of allowed Cure Claims pursuant to the Plan and agreements with the particular landlords (certain of which agreed to accept payment over time).<br><br>As set forth above, a status conference regarding Cure Claims for a limited number of landlords is set for September 6, 2018.  The Debtor does not believe any disputes surrounding such Cure |

CKW\ 2627031.7 This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                    Page 5                          F 3022-1.1.MOTION.CLOSE.CH11.CASE

| | Claims exist.  The only aspects of these Cure Claims that remain open relate to: (1) the Debtor's future payments of the claims pursuant to agreement with the particular landlords; and (2) a final reconciliation of outstanding amounts for certain of the landlords based on recent rent statements and payments made, which open items the Court may retain jurisdiction over notwithstanding the entry of a final decree and order closing the case, and which should not otherwise delay closing of the case.  *See* Fed. R. Bankr. P. 3022, 1991 Advisory Committee Note ("Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed"). |
|---|---|
| (ii) Professional (Plan, Section VIII.B.1) | Allowed professional claims have been paid, or are being paid pursuant to the Plan or the Debtor's agreement with the claimant, and/or will be paid before the hearing on the instant Motion. *See id.* |
| (iii) Non-Professional Administrative Claims (Plan, Section VIII.B.1) | Administrative expense claim motions were filed post-confirmation only recently.  As explained above, the Debtor has either reached a consensual resolution with the claimant or is in discussions with the moving party for a potential consensual resolution.  The Court may continue to retain jurisdiction over any issues relating to the Administrative Claim Motions that remain unresolved as of the hearing on the present Motion. |
| (iv) Los Angeles County Tax Claim (Plan, Section VIII.E) | This claim will be paid before the hearing on the instant Motion. |
| (v) Priority Wage Claims (Plan, Section VIII.C) | This includes priority wage claims of: (1) Matthew Fine, which priority wage claim will be paid before the hearing on the instant Motion; and (2) Shiekh Ellahi, for which payment has been deferred pursuant to the claimant's agreement. |

The Plan provides for additional payments beyond "Effective Date Payments," such as, for example, quarterly payments for three years on account of general unsecured claims.  Pursuant to the Plan, the Debtor's first quarterly payment for general unsecured claims is due September 30, 2018.  The Debtor is prepared to make this quarterly payment in a timely fashion and to otherwise perform its ongoing obligations under the Plan.  Such future payments and obligations should not preclude or delay the entry of a final decree.  *See id.*

CKW\ 2627031.7 This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                Page 6                    **F 3022-1.1.MOTION.CLOSE.CH11.CASE**

6. <u>The Remaining Pending Matters And Adversary Proceeding Do Not Preclude Closing The Case</u>

The remaining pending matters and adversary proceeding do not warrant keeping the instant case open.[1]

First, as to the remaining pending matters in this case, the Debtor submits that these open items are resolved, or likely to be disposed of and/or resolved either prior to the hearing on the instant Motion, or without the need for further formal proceedings.

Specifically, as to the Cure Claims, the Debtor believes no further disputes exist with the only material aspects remaining open being: (1) the Debtor's future payment of these Cure Claims pursuant to agreement of the parties; and (2) a final reconciliation of outstanding amounts for certain of the landlords based on recent rent statements and payments made. To the extent any Cure Claim disputes still exist and are not resolved prior to the hearing on the instant Motion, this Court may continue to retain jurisdiction over such issues despite closing of the case.

With regard to the Administrative Claim Motions, the Debtor has either reached a consensual resolution of the motions or is in discussions with the moving party for a potential consensual resolution. To the extent any further proceedings are necessary as of the date of the hearing on this Motion, the Court may close the case while continuing to reserve jurisdiction over issues relating to the Administrative Claim Motions.

Second, as to the Sports Land Claim Litigation, given the Court's recent ruling to stay the matter, the Debtor does not anticipate any further proceedings in that action at this time. In any event, the Court may close the case and retain jurisdiction over this adversary proceeding.

Finally, the closing of a case is simply a ministerial act that has no impact on a pending adversary proceeding or contested matter, or a party's rights to seek appropriate relief from this Court. Indeed, any party in interest requiring relief from this Court following entry of a final decree may seek to reopen the case if and as appropriate.

C. <u>Additional Circumstances Justify Entering a Final Decree Closing the Case</u>

Additional circumstances justify entering a final decree and closing the case at this time. Specifically, the drastic increase in U.S. Trustee quarterly fees as a result of the relatively recent amendment to 28 U.S.C. § 1930(a)(6) weighs heavily in favor of granting the Motion and closing this bankruptcy case in advance of the upcoming fourth quarter commencing on October 1, 2018.

That section provides:

> During each of fiscal years 2018 through 2022, if the balance in the United States Trustee System Fund as of September 30 of the most recent full fiscal year is less than $200,000,000, the quarterly fee payable for a quarter in which disbursements equal or exceed $1,000,000 shall be the lesser of 1 percent of such disbursements or $250,000.

28 U.S.C. § 1930(a)(6)(B). Considering the anticipated distributions for operational expenses (especially with the larger amount of inventory and overall higher expenses in the lead up to the upcoming holiday season) and for required Plan payments in the next quarter, if this case remains open beyond September 30, 2018, it is likely the Debtor will incur the maximum U.S. Trustee quarterly fee of $250,000 for the fourth quarter within a short period after commencement of the quarter. Payment of such a large sum will pose a significant and financial burden on the Debtor and at a critical time of the post-confirmation period.[2]

---

[1] As to any potential claim objections, on June 22, 2018, the Debtor supplied to the Plan Administrator (through the Committee) a complete claims reconciliation analysis. The last date for hearing on any claim objection is October 31, 2018. To date, other than the claim objection that is the subject of the Sports Land Claim Litigation, no objections to claims have been filed. And based on the results of the Debtor's claims reconciliation analysis, the Debtor does not believe the Plan Administrator intends to pursue any claim objections.

[2] The Debtor is current and has paid all U.S. Trustee quarterly fees to date.

CKW\ 2627031.7 This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                    Page 7                         **F 3022-1.1.MOTION.CLOSE.CH11.CASE**

Closing this case to avoid the Debtor's incurrence of this substantial fee further warrants entry of a final decree, effective as of **September 30, 2018**.

b. ☐ **Motion for Entry of an Order Closing the Case on an Interim Basis:** Movant requests the entry of an order closing this bankruptcy case on an interim basis. Though the chapter 11 plan has been substantially consummated, the bankruptcy case cannot be fully administered at this time. At a later time, a motion to reopen the bankruptcy case will be filed so that a motion for entry of discharge (or other motion or contested matter) may be filed and resolved.

**4. Evidence in Support of Motion**: Movant includes as evidence the declaration and any exhibits.

Based on the foregoing, movant requests the court grant the relief requested.

Date: 9/4/18        /s/ Claire K. Wu
                    Signature of Reorganized Debtor or trustee,
                    or attorney for Reorganized Debtor or trustee

                    Claire K. Wu
                    Printed name of Reorganized Debtor or trustee,
                    or attorney for Reorganized Debtor or trustee

CKW\ 2627031.7 This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                    Page 8                    F 3022-1.1.MOTION.CLOSE.CH11.CASE

**DECLARATION IN SUPPORT OF MOTION IN CHAPTER 11 CASE FOR ENTRY OF
A FINAL DECREE AND ORDER CLOSING CASE, OR
AN ORDER CLOSING CASE ON AN INTERIM BASIS**

1. **Name of Declarant and Foundation for Personal Knowledge**:

   a.  I,
   (*name*)    Shiekh S. Ellahi                                                                                       ,
   make the following declaration in support of this Motion.

   b.  (1) ☒  I have personal knowledge of the following facts because I am the: Managing Member and Chief
   Executive Officer of the ☒ Reorganized Debtor ☐ Chapter 11 trustee

   (2) ☒  I am related to this bankruptcy case as the  Managing Member and Chief Executive Officer of
   Shiekh Shoes, LLC, a California limited liability company, the reorganized debtor in the above-captioned
   case (the "Debtor"), and I have personal knowledge of the following facts because *(specify)*:

   I am, and have been, actively involved in, and oversee, and am intimately familiar with, all aspects of the
   Debtor's business, operations, and financial condition.  Further, I was active in all aspects of the Debtor's
   bankruptcy case and was personally involved in discussions and negotiations with landlords and other
   claimants, including, but not necessarily limited to, in respect of the subject matters of the Cure Claims
   (defined in the Motion) and Administrative Claim Motions (defined in the Motion).

2. **Postconfirmation Status of Bankruptcy Case**: Except as noted in the following paragraph,

   a.  The order confirming the plan of reorganization is final;

   The Debtor's "Second Amended Plan of Reorganization of a Debtor Who is Not an Individual" [Dkt. No. 613] (the
   "Plan") was confirmed by this Court's Order [Dkt. No. 608] entered June 15, 2018.

   b.  All deposits required by the plan have been distributed;

   There are no deposits required by the Plan to be distributed.

   c.  All property proposed by the plan to be transferred has been transferred;

   There is no property to be transferred under the Plan.

   d.  The Debtor or successor to the Debtor under the plan has assumed the business or the management of the
   property dealt with by the plan;

   The Debtor's Plan is a reorganization plan and the Debtor continues to operate and manage the business affairs
   as set forth in the Plan.

   e.  All payments or other distributions under the plan have commenced;

   Details regarding the status of payments under the Plan are set forth in Section II.B.5 to the Motion above
   (incorporated herein by reference).  In addition, the Debtor is current and has paid all U.S. Trustee quarterly fees
   to date.

   Considering the anticipated distributions for operational expenses (especially with the larger amount of inventory
   and overall higher expenses in the lead up to the upcoming holiday season) and for required Plan payments in
   the next quarter (fourth), if this case remains open beyond September 30, 2018, the Debtor likely will incur the
   maximum U.S. Trustee quarterly fee of $250,000 for the fourth quarter within a relatively short period after
   commencement of the quarter.  Payment of such a large sum will pose a significant and financial burden on the
   Debtor and at a critical time of the post-confirmation period.

   f.  All motions, contested matters, and adversary proceedings have been finally resolved, except as set forth in
   paragraph 3 (Exceptions) below.

CKW\ 2627031.7 This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

3. **Exceptions** (if any):

Information regarding pending motions, contested matters, and adversary proceedings is set forth above in Sections I.B., I.C., and II.B.6 to the Motion (which is incorporated herein by reference).

4. **Facts Regarding Full Administration of Bankruptcy Case** *(check one box only)*:

a.  ☒  **The Bankruptcy Case Has Been Fully Administered:** All motions, contested matters, and adversary proceedings have been finally resolved, except as identified in paragraph 3 above.

b.  ☐  **The Bankruptcy Case Has Not Been Fully Administered:** All adversary proceedings have been resolved, but all motions and contested matters have not been finally resolved. It is contemplated that, at a later time, a motion to reopen the bankruptcy case will be filed so that a motion for discharge (or other motion or contested matter) may be filed and resolved.

5. **Exhibits** (if any). The following exhibits support facts asserted in this declaration:

☐  Exhibit **A:**

☐  Exhibit **B:**

☐  Exhibit **C:**

☐  Exhibit **D:**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/4/18 | Shiekh S. Ellahi | |
|--------|------------------|--|
| *Date* | *Printed Name* | *Signature* |

CKW\ 2627031.7 This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                    Page 10                    **F 3022-1.1.MOTION.CLOSE.CH11.CASE**